ABRAHAM KUALAKU McAULTON, Plaintiff-Appellant *v.* RICHARD PARKER SMART, Defendant-Appellee, and JOHN DOES 1 through 100, Defendants

No. 5232

MAY 18, 1973

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

Plaintiff Abraham Kualaku McAulton brought this action in the third circuit court against Richard Smart to obtain a partition of a parcel of land at Anaehoomalu Bay, South Kohala, Hawaii, and an accounting by defendant of the profits attributable to the interest in the parcel claimed by him. The parcel in question was originally awarded to Queen Kalama, wife of King Kamehameha III, and is covered by and described in Land Commission Award 4452, Royal Patent 7523, issued to her.

In the complaint, plaintiff alleged that he is the sole surviving descendant of George Naea, one of the two heirs of Kalama, the other being Charles Kanaina; that defendant is seized of a moiety of the parcel as successor in interest of Samuel Parker, who purchased the interest of Kanaina in the parcel at a commissioner's sale of a portion of the latter's estate; and that, for some years, defendant and his predecessors in interest have collected rents from the entire parcel, paid taxes thereon, and derived profits therefrom.

After defendant filed his answer to the complaint, each of the parties responded to the interrogatories propounded to him, and defendant took plaintiff's deposition, defendant moved for summary judgment upon the pleadings, answers to interrogatories, plaintiff's deposition, recorded affidavits on plaintiff's genealogy, and certain court records, including the records of the first circuit court in the Estate of Kalama, Probate No. 1562, and the Estate of Kanaina, Probate No. 2426.

In his memorandum in support of the motion, defen-

dant urged the following grounds for the granting thereof:

(1) the statute of limitations had run against any claim to an interest in the parcel which plaintiff might assert as heir of Kalama;

(2) the records of the first circuit court and the sworn statements of plaintiff regarding his genealogy filed in the bureau of conveyances establish that plaintiff is not a descendant of Naea;

(3) plaintiff is estopped from asserting his claim to an interest in the parcel; and

(4) plaintiff may not repudiate the sworn statement in his petition for bankruptcy filed in the United States District Court of the District of Hawaii on September 9, 1964, that he did not own any real property.

The circuit court granted the motion. This is an appeal by plaintiff from the judgment entered pursuant thereto.

In granting or denying a motion for summary judgment, the circuit court is not required to give any reason for its action, although it may. Here, it did not. So, we are in the dark as to the ground on which the motion was granted.

Defendant would have been entitled to a favorable ruling on his motion if any of the grounds urged by him was meritorious. Plaintiff contends that none of the grounds had any merit. We agree with plaintiff.

The first ground is based on Laws of 1870, c. 22, §§ 1 and 3 (2), which read as follows:[1]

"Section 1. No person shall commence an action to recover possession of any lands, or make any entry

---

[1] Laws of 1870, c. 22, § 1, is compiled in HRS § 657-31, with the period within which to bring an action reduced to 10 years, as amended by Laws of 1898, c. 19; and Laws of 1870, c. 22, § 3 (2) is compiled in HRS §657-33 (2), without any change.

thereon, unless within twenty years after the right to bring such action first accrued.

\* \* \* \*

"Section 3. In the construction of this Act, the right to make an entry or commence an action, shall be deemed to have accrued at the times respectively hereinafter mentioned, that is to say:

\* \* \* \*

"Secondly: When he claims as heir or devisee of one who died seized, his right shall be deemed to have accrued at the time of such death, unless there is an estate by the curtesy or in dower, or some other estate intervening after the death of such ancestor or devisor, in which case, his right shall be deemed to have accrued when such intermediate estate shall expire, or when it would have expired by its own limitation."

Defendant's reliance on the quoted statutory provisions is misplaced. We think that the word entry, as used in those provisions, meant not only entry by the claimant personally but also entry by the claimant through another person. That being so, the provision applied only to a situation where no entry whatsoever was made within the statutory period by the claimant himself or by some person on behalf of the claimant. This case does not involve such a situation.

In this case, the record made in the circuit court establishes that Kanaina entered the parcel within the statutory period. Kanaina's entry constituted entry by him, as well as entry by the other heir or heirs of Kalama, if Kalama was survived by an heir or heirs other than Kanaina as claimed by plaintiff. That was so for the reason that all heirs, if more than one, would have been tenants in common, and an entry by one tenant in com-

mon is deemed in law to be an entry by all cotenants. *Nakuaimanu* v. *Halstead,* 4 Haw. 42 (1877).

Defendant contends that plaintiff is barred from claiming any interest in the parcel, under the quoted provisions, by assuming that the following facts are established in the record: that Kalama died on September 20, 1870, seized of the parcel; that, after Kalama's death, Kanaina claimed the parcel for himself; that Naea made no entry, nor did he commence an action to recover possession of the parcel, within 20 years after Kalama's death; that no person claiming through Naea did so; and that there is no showing that Naea or any person claiming under him was under any disability which might toll the statute.

In considering any appeal, we do so basically upon the record certified to this court by the circuit court. *State* v. *Hawaiian Dredging Co.,* 48 Haw. 152, 156, 397 P.2d 593, 597 (1964).

With regard to the necessary factual basis for decision, we may consider, in addition to the facts shown in the record, such facts as the circuit court could have judicially noticed, but we may not consider any fact which that court could not judicially notice. *Robinson* v. *McWayne,* 35 Haw. 689, 722 (1940).

The record in this case shows that Kalama died on September 20, 1870, seized of the parcel in question. It also shows that Kanaina entered the parcel. But it does not show that Kanaina claimed the parcel for himself. Nor does it establish defendant's other factual assumptions.

It may be that defendant based his factual assumptions on the files of the first circuit court in the Estate of Kalama and the Estate of Kanaina, referred to in the motion for summary judgment. The circuit court could not have taken judicial notice of the entire contents of those files. *Lalakea* v. *Baker,* 43 Haw. 321, 322 (1959). For those files to be considered in their entirety by the

circuit court on the motion, they should have been presented to that court with the certification required in HRCP, Rule 56 (e) . *Cane City Builders* v. *City Bank,* 50 Haw. 472, 474, 443 P.2d 145, 147 (1968) . They were not. Only selected documents therein were certified.

Among the certified documents is the final order of distribution of the Estate of Kalama, in which Kanaina is named as the sole heir. But that determination of heirship was made only for the purpose of distribution of the residue of Kalama's personal estate, which amounted to $2,508.07. The determination was not concerned with the heirship to Kalama's real property.

We need not consider the second ground. Plaintiff argued against that ground at some length in his opening brief. But defendant did not respond thereto in his answering brief. That being the case, we deem the ground to have been abandoned. This suffices to dispose of that ground. However, we may state that our examination of the documents upon which defendant predicated the ground does not support his contention.

The third ground is also based on the defendant's factual assumptions which find no support in the record. But, even if those assumptions are true, they are irrelevant.

Defendant relies on *Ellis* v. *Crockett,* 51 Haw. 45, 451 P.2d 814 (1969) . Ellis deals with collateral estoppel. Defendant recognizes that this case does not involve collateral estoppel as such. However, he states that the policy considerations underlying collateral estoppel, as set forth in *Ellis,* 51 Haw. 56, 451 P.2d 822, support his position.

The thrust of defendant's argument appears to be that plaintiff is estopped from asserting a claim to an interest in the parcel because his ancestors failed to make any claim in the Estate of Kalama and the Estate of Kanaina, although they had ample notice of the proceedings relating to those estates. With regard to Kalama's estate, the argument is irrelevant because, at the time

that estate was settled, the court which exercised jurisdiction over probate matters had no jurisdiction to determine heirship to land. *Smith* v. *Hamakua Mill Co.,* 13 Haw. 716 (1901). The argument is also irrelevant with regard to Kanaina's estate, for plaintiff is not claiming through Kanaina.

On the fourth ground, defendant relies on *First National Bank* v. *Lasater,* 196 U.S. 115 (1905), and other cases which hold that a bankrupt who concealed or failed to disclose an asset to which the trustee is entitled cannot thereafter assert any right to the undisclosed assets. Opposed to those cases are cases like *Watson* v. *Motley,* 201 Ala. 25, 75 So. 147 (1917), *writ of error dismissed* 249 U.S. 579 (1919), in which the court stated:

> "A bankrupt is not barred or estopped from recovering his property by reason of the fact that he has been adjudicated a bankrupt and discharged. The adjudication of bankruptcy does not, as a matter of law, destroy forever all his rights and remedies to all his property, but only to that part thereof which is administered. The bankrupt[cy] court or the assignee or trustee may decline to administer all that is returned, or some of it may never be returned; and as to this the bankrupt may recover after his discharge, and it will be his unless the bankruptcy should thereafter be reopened so as to include it." (201 Ala. 27, 75 So. 149).

We think that the reasoning in *Watson* is applicable here. It is particularly so inasmuch as the record in this case shows that plaintiff's omission to list his claim to the parcel was not done with intent to conceal or with other fraudulent motive.

Upon remand of this case to the circuit court, the burden will be upon plaintiff to establish that Naea or some other ancestor through whom he claims was an heir of Kalama, and that he is descended from such ancestor. If plaintiff sustains such burden, the decision

of this case depends on the application of Laws of 1870, c. 22, § 3 (1), which read:[2]

> "First: When any person shall be disseized, his right of entry or action shall be deemed to have accrued at the time of the disseisin."

At this time, we express no opinion on the application of that statute to this case because any expression of opinion on the point would be premature.

Reversed.

*C. Duane Carlsmith* for plaintiff-appellant.

*J. Garner Anthony* (*Peter G. Wheelon* also on the brief, *Anthony, Hoddick, Reinwald & O'Connor* of counsel) for defendant-appellee.

---

[2]Laws of 1870, c. 22, § 3 (1), is compiled in HRS §657-33 (1), without any change.