RICHARD SMART, Plaintiff-Appellant, *v.* HEIRS OF C. LUIKI; HEIRS OF KAPAHU; HEIRS OF AMOS KOKI; HEIRS OF SOLOMON DAVID KOKI; TAMAO ISHIHARA and HATSUMI ISHIHARA; RAYMOND NAKAMOTO and RUTH C. NAKAMOTO; THE HAWAIIAN HOMES COMMISSION, STATE OF HAWAII; and to ALL WHOM IT MAY CONCERN, Defendants-Appellees

NO. 7905

(CIVIL NO. 3364)

FEBRUARY 19, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from an amended final judgment in a quiet title action. Appellant raises two contentions: One is that he should have been adjudicated the sole owner of the premises in question because of his claim of constructive adverse possession. We disagree and affirm the holding that he had not established title by adverse possession to the whole interest in the premises.

Appellant's second contention is that in determining the respective interests owned in the premises by himself and appellees, the court below erred in taking judicial notice of certain proceedings in the First Circuit Court. This case was tried in the Third Circuit. On this point, we agree with appellant and accordingly reverse for further proceedings.

In 1902, C. Luiki received from the government a deed to certain lands including the premises in question. He apparently died shortly thereafter. The parties stipulated that he died about 1903. Moreover, the deed in evidence from Wahineiki Keoni to Moses Koki dated March 6, 1903 recited the fact that Luiki was dead.

Luiki had no children nor any issue. He did have two sisters, Kapahu and Wahineiki Keoni. Kapahu predeceased Luiki, leaving a husband, Koki, and six children: Moses, Amos, Solomon David, David, Elizabeth and Deborah. Moses died, in 1948, a widower without issue. Solomon David Koki died in 1950 intestate. He had six children: two twins who died at birth and Henry, Ernest, Sam and Edith. Sam and Ernest died intestate without issue. Henry Koki was living at the time of the decree below. Edith died intestate leaving three children: Samuel Kalai, Edwin Stephen Kalai and Harold Montgomery Kalai. Samuel Kalai died intestate, unmarried, without issue, and Edwin and Harold were living at the time of the decree below.

David Koki and Deborah Koki died, leaving issue who were living at the time of the decree below. Elizabeth Koki died, leaving her daughter, Mary Koki Wise, who was living at the time of the decree below.

In 1903, Wahineiki Keoni conveyed her interest in the property to Moses who, in 1913, conveyed his interest to Alfred W. Carter, as a trustee, whence the interest of Wahineiki Keoni and Moses Koki came down to appellant by mesne conveyances. The court below held that Solomon David's descendents, Henry Koki, Edwin Kalai and Harold Kalai, and Elizabeth's descendent Mary Koki Wise took the share of Amos Koki. The descendents of David and Deborah were defaulted.

The court determined that appellant had a 3/4 interest in the property consisting of the 1/2 interest of Wahineiki Keoni, the 1/12 interest of Moses Koki by deed, and the 1/12 interests of David and Deborah Koki by default. It concluded that Mary Koki Wise held a

1/8 interest being the 1/12 interest of her mother Elizabeth Koki and one-half of Amos Koki's 1/12 by descent from her mother. It likewise concluded that Henry Koki held a 1/16 interest and Edwin and Harold Kalai, a 1/32 interest a piece or a total for the three of 1/8, being the 1/12 interest of Solomon David and one-half of 1/12 interest of Amos Koki by descent through Solomon David Koki.

As to the adverse possession issue, it is apparent from the record that appellant's predecessors-in-title occupied the premises pursuant to the deed from Moses Koki conveying his interest and that which had been conveyed to him by Wahineiki Keoni.

Since Luiki died in 1903, the applicable statute of descent was § 2106 of the Laws of 1898, Republic of Hawaii, which was carried over and became an essential part of § 2509 of the Revised Laws of 1905, Territory of Hawaii. In *Hawaiian Trust Co. v. Galbraith*, 22 Haw. 78 (1914), the Supreme Court held that in a situation where a person dies leaving neither lineal descendents, parent nor grandparent, nor spouse but a surviving brother or sister and issue of one or more deceased brothers and sisters, that the issue of the deceased brothers and sisters will take along with the surviving brothers and sisters per stirpes. That is the situation here. Accordingly, when Luiki died, his estate passed 1/2 to Wahineiki Keoni and 1/2 to the children of his deceased sister Kapahu Koki of whom there were six.

Accordingly, when appellant's predecessors-in-title entered upon the property, they entered thereon as tenants in common. *McAulton v. Smart*, 54 Haw. 488, 510 P.2d 93 (1973). In *City and County of Honolulu v. Bennett*, 57 Haw. 195, 552 P.2d 1380 (1976), the Supreme Court said:

> Following in the line of *Yin* and *Poka,* we lay down in this case the rule that, because of the general fiduciary relationship between cotenants, a tenant in common claiming by adverse possession must prove that he acted in *good faith* towards the cotenants during the statutory period. In most circumstances, this requirement of good faith will in turn mandate that the tenant claiming adversely must *actually notify* his cotenants that he is claiming against them. In the following exceptional circumstances, however, good faith is satisfied by less than actual notice: where the tenant in possession has *no reason to suspect* that a cotenancy exists; or where the tenant in possession makes a *good faith, reasonable effort to notify* the cotenants but is unable to locate

them; or where the tenants out of possession already have *actual knowledge* that the tenant in possession is claiming adversely to their interests. In these limited circumstances, the notice requirement will be satisfied by constructive notice and "open and notorious possession".

57 Haw. at 209-210. Appellant's proof here does not satisfy the test laid down in *Bennett*. The findings and conclusions of the court below on the adverse possession issue are therefore affirmed.

In reaching the determination that the appellant was entitled to a 3/4 interest in the premises and the appellees a total of 1/4, the court below found that Solomon David and Elizabeth Koki each acquired a one-half interest in Amos Koki's one-twelfth share in the premises. There is nothing on the face of the record to support this finding. If Amos Koki died intestate and without widow or issue as is stipulated, his property would pass to his brothers and sisters and the issue of his deceased brothers and sisters.

Appellees assert, however, that the court below could resort to the probate records in the First Circuit with respect to his estate and his wife's estate and could resort to appellant's assertion in a proceeding in the Third Circuit as to Amos Koki's heirs as to what those records revealed. The first problem with appellees' assertion is that the court below did not say it was taking judicial notice of the records and, aside from a suggestion as to their contents in a memorandum filed below by appellees, the record is silent on the subject. We cannot normally consider any facts of which the court below did not take judicial notice.

Moreover, we cannot agree that the court below could have taken judicial notice of the files mentioned.

As the Supreme Court of Hawaii said in *McAulton v. Smart, supra:*

In considering any appeal, we do so basically upon the record certified to this court by the circuit court. . . .

With regard to the necessary factual basis for decision, we may consider, in addition to the facts shown in the record, such facts as the circuit court could have judicially noticed, but we may not consider any fact which that court could not judicially notice. . . .

*Id.* at 492.

In that case, the Supreme Court went on to hold that the Third Circuit Court could not consider the contents of files in the First

Circuit without their being properly certified and offered in evidence.

It must be remembered that at common law, real property vested immediately in the heirs or devisees of the decedent, 31 AM. JUR.2d, EXECUTORS AND ADMINISTRATORS, § 196 (1967). Section 317-14, Revised Laws of Hawaii 1955, in effect at the time of Amos Koki's death, gave the executor or administrator only those rights, powers and duties with respect to real property which are set forth therein. In order to determine that the remaining two brothers and one sister of Amos and/or their descendents had no interest in his claim to the property in question, we would have to find that the files referred to in some manner constituted *res judicata* against those persons and the appellant. Without the entire file, we certainly cannot do so. Since *res judicata* is a matter of law, the fact that the appellant may have taken a position in another proceeding as to the effect of those probates in the First Circuit could not bind the court below or bind us.

We hold that the second sentence of Finding No. 12 contained in the Amended Findings of Fact and Conclusions of Law, to wit:

Amos Koki's interest in the real property in question passed to Solomon David Koki and Elizabeth Koki in equal shares.

is unsupported by the record and therefore, erroneous. The case is reversed and remanded for further proceedings in conformity with this opinion.

*Erik R. Zen (Dennis O'Connor* with him on the briefs, *Hoddick, Reinwald, O'Connor* and *Marrack* of counsel) for appellant.

*Tobias C. Tolzmann* and *Stephen D. Quinn,* for appellees.