STATE OF HAWAII, Plaintiff-Appellee, *v.* RICHARD DUVAL LEWIS, Defendant-Appellant

NO. 11541

(D.C. NO. T83-3892)

APRIL 10, 1987

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

Defendant Richard Duval Lewis (Defendant) appeals his conviction of driving under the influence of intoxicating liquor in violation of Hawaii Revised Statutes (HRS) § 291-4(a)(2) (1985).[1] Defendant claims

---

[1]Hawaii Revised Statutes § 291-4(a)(2) (1985) reads:
  (a) A person commits the offense of driving under the influence of intoxicating

that since the State failed to show that the breath testing machine (Intoxilyzer) was working properly, the trial court erred in admitting his breath test result into evidence. The State, on the other hand, contends that because a qualified operator tested the Intoxilyzer for accuracy with a "beam attenuator" at the time Defendant's breath was tested, the fondational requirement was met. We hold that the record of the case is inadequate to support the State's contention. We therefore vacate the judgment of conviction and remand the case for a new trial.

I.

After being arrested for DUI, Defendant consented to a breath test at the police station. Police officer Byron Ono (Ono), a certified operator, administered the breath test on Defendant on the Intoxilyzer. The test result indicated 0.13 percent by weight of alcohol in Defendant's blood.

At the bench trial, Ono testified that in administering the test, he followed each step on the Honolulu Police Department Intoxilyzer Operational Checklist (Checklist). The Checklist includes three phases in sequence: (1) preparation, (2) testing of the subject, and (3) calibration. Ono testified that a beam attenuator was used to verify "the [Intoxilyzer] readings to be true and correct." May 16, 1986 Transcript at 39. According to Ono, he inserted the beam attenuator having a known value of ".20" into the Intoxilyzer. *Id.* at 31. When the Intoxilyzer tested the beam attenuator, the value obtained was 0.20 percent. "This indicated to [Ono] that the machine was calibrated." *Id.* at 38.

No witness, other than Ono, testified regarding the Intoxilyzer or the beam attenuator. No criminalist testified that the Intoxilyzer was tested for accuracy with simulator solutions containing known alcohol concentrations before and after the date of Defendant's breath test.[2] *See*

---

liquor if:

\* \* \*

(2) The person operates or assumes actual physical control of the operation of any vehicle with 0.10 per cent or more, by weight of alcohol in the person's blood.

[2]Criminalist Milton Chang (Chang) was called and sworn as a witness after the trial court had admitted the Intoxilyzer test result into evidence over Defendant's objection. Upon Defendant's objection that Chang's testimony was not "proper" unless the State was "admitting there was error," the State excused Chang as a witness. May 16, 1986 Transcript at 47.

*State v. Rolison,* 6 Haw. App. ___, 733 P.2d 326 (1987); *State v. Souza,* 6 Haw. App. ___, 732 P.2d 253 (1987). The Intoxilyzer test result was admitted into evidence over Defendant's objection. Based on the test result of 0.13 percent, the trial court found Defendant guilty as charged.

## II.

*State v. Rolison, supra,* and *State v. Souza, supra,* clearly indicate that to meet the foundational requirements for the admission of the Intoxilyzer test result into evidence, there must be a showing of strict compliance with § 11-111-2(b)(3) of Chapter 111 of Title 11 of the State's Administrative Rules (Rules). That section provides:

Testing for accuracy shall be done no less frequently than every thirty (30) days and after every maintenance and repair using a minimum of two (2) reference samples of known alcohol concentrations at a known temperature within the range of one hundredths to thirty hundredths percent weight per volume (0.01% to 0.30% W V) or higher known alcohol concentrations that are recommended by the breath testing instrument's manufacturer. The results of such analysis must agree with the reference sample value within the limits of plus or minus one hundredths percent weight per volume (±0.01% W/V) or such limits set by the director.

Defendant contends that there was no showing of strict compliance with § 11-111-2(b)(3). The State argues, however, that since "the beam attenuator is . . . a reference sample which duplicates a specific alcohol concentration[,] [i]t is more accurate than using a simulator solution to test the calibration" of the Intoxilyzer. The record of the case is inadequate to support the State's argument.

## A.

The consideration of an appeal is made "basically upon the record certified to [the appellate court by the lower court]." *McAulton v. Smart,* 54 Haw. 488, 492, 510 P.2d 93, 96 (1973). Putting it another way, a review must be based "upon the evidence contained in the record, not upon matters outside of the record[.]" *State v. Onishi,* 53 Haw. 593, 597, 499 P.2d 657, 660 (1972). *See also Orso v. City & County,* 55 Haw. 37, 514 P.2d 859 (1973); *Sanders v. Point After, Inc.,* 2 Haw. App. 65, 626

 

P.2d 193 (1981). And if the record is inadequate for decision on the issue presented, the appellate court will not decide the issue. *Tagawa v. Maui Publishing Co.,* 49 Haw. 675, 427 P.2d 79 (1967), *cert. denied,* 396 U.S. 822, 90 S. Ct. 63, 24 L. Ed. 2d 73 (1969).

The State's argument is premised on the definition of "reference sample" in the Rules which includes "lens . . . that registers on an appropriate instrument a known concentration of ethyl alcohol." § 11-111-1.[3] However, the record contains no evidence explaining the nature of the beam attenuator and its use in conjunction with the Intoxilyzer. The State adduced no evidence at trial that the beam attenuator is a lens-like object or is operated with a lens nor expert testimony regarding its accuracy in testing the Intoxilyzer. Thus, the record is clearly inadequate for an appellate decision on the issue raised by the State.

B.

It is true that for "the necessary factual basis for decision, we may consider, in addition to the facts shown in the record, such facts as the [trial] court could have judicially noticed[.]" *McAulton v. Smart,* 54 Haw. at 492, 510 P.2d at 96. *See also Eli v. State,* 63 Haw. 474, 630 P.2d 113 (1981). In this case, however, the trial court could not have judicially noticed that the beam attenuator "is a reference sample which duplicates a specific alcoholic concentration," and we cannot do so.

At trial, Defendant questioned whether the utilization of a beam attenuator was an acceptable means of testing the accuracy of the Intoxilyzer.[4] Thus, whether the beam attenuator was an acceptable reference sample was an "adjudicative fact." *See* Commentary to Rule 201, Hawaii Rules of Evidence (HRE) (1981). This adjudicative fact

---

[3]Section 11-111-1 of the rules provides in part:

*Definitions.* As used in this chapter:

\* \* \*

"Reference sample" means a solution, ampoule, lens or air that registers on an appropriate instrument a known concentration of ethyl alcohol.

[4]Defendant's counsel objected to the testimony regarding the beam attenuator because its use "is not the test for testing the accuracy of the intoxilyzer under the particular administrative rules of the Department of Health." May 16, 1986 Transcript at 31.

cannot be categorized as "generally known" or "capable of accurate and ready determination" as required by Rule 201(b), HRE,[5] and, consequently, could not be judically noticed by the trial court.

This is a case where "[j]udicial notice should not be used as a device to correct on appeal an almost complete failure to present adequate evidence to the trial court." *United States v. Campbell,* 351 F.2d 336, 341 (2d Cir. 1965), *cert. denied,* 383 U.S. 907, 86 S. Ct. 884, 15 L. Ed. 2d 662 (1966). Accordingly, we decline to do so and conclude that the State has failed to show strict compliance with § 11-111-2(b)(3) of the Rules.

Judgment of conviction vacated and remanded for retrial.

*Kazuo Oyama* for defendant-appellant.

*Candace Kay Andersen,* Deputy Prosecuting Attorney, for plaintiff-appellee.

---

[5]Rule 201(b), Hawaii Rules of Evidence (1981) provides:

(b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.