879 P.2d 551

**Edward G. STANLEY, Petitioner–Appellant,**

v.

**STATE of Hawai'i, Respondent–Appellee.**

No. 16226.

Supreme Court of Hawai'i.

Sept. 9, 1994.

---

Wayne M. Rooney, on the briefs, Haleiwa, for petitioner-appellant.

Russell H. Uehara, Deputy Prosecuting Atty., on the briefs, Honolulu, for respondent-appellee.

Before MOON, C.J. and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

NAKAYAMA, Justice.

Petitioner–Appellant Edward G. Stanley (Appellant) appeals the June 4, 1992 order denying his Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (1985 & 1989) [1] petition for post-conviction relief. Appellant contends that the trial court erred in failing to hold a hearing and in denying his petition without issuing findings of fact and conclusions of law. We affirm.

## I. *FACTS*

On August 18, 1988, Appellant was convicted of violating Hawai'i Revised Statutes (HRS) § 707–713 (1985), Reckless Endangering in the First Degree (two counts), HRS § 707–701 (1985), Attempted Murder in the First Degree, HRS § 707–702 (1985), Attempted Manslaughter, and HRS § 134–6 (1985), Place to Keep Firearm. Sentence was imposed on September 22, 1988.

Appellant appealed his conviction on October 21, 1988, alleging error on four grounds: (1) erroneous attempted first degree murder and attempted manslaughter instructions; (2) deputy prosecutor's improper comment during closing rebuttal argument; (3) insufficient evidence to support the attempted first

---

1. HRPP Rule 40 has since been amended. However, because Appellant's petition which was filed prior to April 28, 1994, the effective date of the amendments, we will apply the 1985 and 1989 versions of HRPP Rule 40 to the present analysis.

degree murder conviction; and (4) unlawful imposition of the sentence of life imprisonment without the possibility of parole for the attempted first degree murder conviction.

By memorandum opinion, *State v. Stanley,* No. 13402 (Haw. Dec. 14, 1989) (mem.), this court affirmed the conviction.

Thereafter, Appellant filed a petition for a writ of habeas corpus in the United States District Court for the District of Hawai'i, contending: (1) erroneous jury instructions; (2) "improper statement made;" and (3) "insufficient evidence to support guilt findings." (Appellant's Petition for Post–Conviction Relief (February 26, 1992)). After an evidentiary hearing, the petition was denied on October 11, 1991. Appellant filed a second petition for writ of habeas corpus in the same court, raising the identical grounds as the previous petition, which was denied without an evidentiary hearing on January 1, 1992.

On February 26, 1992, Appellant filed a petition for Post–Conviction Relief in the First Circuit Court pursuant to HRPP Rule 40, alleging that: (1) he was denied effective assistance of counsel; and (2) his convictions for attempted first degree murder and attempted manslaughter were not supported by substantial evidence.

On June 4, 1992, the circuit court denied the petition without a hearing, finding "said petition to be patently frivolous and without a trace of support either in the record or from other evidence submitted by the Petitioner."

This timely appeal followed.

## II. *STANDARD OF REVIEW*

■ "[T]he issue whether the trial court erred in denying a Rule 40 petition without a hearing based on no showing of a colorable claim is reviewed *de novo;* thus, the right/wrong standard of review is applicable." *Dan v. State,* 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994).

2. Not only is Exhibit "A" not part of the record on appeal, it consists of a document that is not

## III. *DISCUSSION*

### A. *Prior Determination of Merit*

Appellant initially claims that the trial court erred in denying his petition because the denial was contrary to an earlier decision by a judge determining that his petition was meritorious.

■ To support his contention, Appellant relies solely upon Exhibit "A," a document that he affixed to his opening brief but that is not part of the record on appeal. Appellate review "must be based 'upon the evidence contained in the record, not upon matters outside of the record[.]'" *State v. Lewis,* 6 Haw.App. 624, 626, 736 P.2d 70, 72 (1987) (citations omitted); *see City & County v. Toyama,* 61 Haw. 156, 158 n. 1, 598 P.2d 168, 171 n. 1 (1979) (citations omitted); *see also Nadeau v. Nadeau,* 10 Haw.App. 111, 117, 861 P.2d 754, 757 (1993) (citation omitted). The State has not acknowledged any prior determination of merit as to Appellant's petition or conceded any fact relating to a prior determination by a previous judge. The document that Appellant attached to his opening brief as "Exhibit A," therefore, may not be considered by this court, and consequently Appellant's contention is wholly without merit.[2]

■ Appellant further argues that because the State filed an answer contesting his petition, Appellant's petition must have been deemed meritorious by a judge because the State would only file an answer in response to such a finding. Not only does Appellant fail to allege any basis of support for this assertion, but it is contrary to the HRPP.

HRPP Rule 40 provides for post-conviction proceedings and, pursuant to subsection (d), specifically details the required actions on the part of the State:

**Response.** The State of Hawaii shall be named as the respondent in the petition, and the petitioner shall serve the petition on the respondent by delivering a filed copy thereof to the prosecutor.... Within 30 days after the service of the petition

signed or file stamped.

or within such further time as the court may allow, the respondent *shall answer or otherwise plead....*

HRPP Rule 40(d) (emphasis added).

As indicated above, the State is compelled to respond to a Rule 40 petition once it has been served regardless of whether the petition is frivolous or meritorious. Thus, in the instant case, the State's answer to Appellant's petition is not indicative of a previous determination of Appellant's petition's merit.

### B. *Required Elements of Order Denying Rule 40 Petition*

■ Appellant next contends that because the trial court made no findings of fact or conclusions of law in denying the petition, the resultant order is "patently wrong, and without a trace of support." Once more, Appellant makes an assertion without citing any basis of support.

HRPP Rule 40(f) provides in pertinent part:

**Hearings.** If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the *court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner.*

HRPP Rule 40(f) (emphasis added).

Inasmuch as HRPP Rule 40(f) does not require findings of fact and conclusions of law when determining that a petitioner is not entitled to a hearing, Appellant's claim is without merit. *See Cacatian v. State,* 70 Haw. 402, 772 P.2d 691 (1989) (When denying a hearing in a HRPP Rule 40 proceeding, the trial court must specifically state that the petition is "patently frivolous and without a trace of support, either in the record, or from other evidence submitted." There is no requirement that the court enter any other findings of fact or conclusions of law.); *see Domingo v. State,* 76 Hawai'i 237, 243, 873 P.2d 775, 780–81 (1994).

### C. *HRPP Rule 40 Petition*

Appellant argues that the trial court erroneously denied him a HRPP Rule 40 hearing despite Appellant having asserted valid grounds for his unlawful detention, namely: (1) denial of effective assistance of counsel; and (2) insufficient evidence to support the attempted first degree murder and attempted manslaughter convictions.

In *Allen,* the Intermediate Court of Appeals (ICA) set the standard for granting hearings in Rule 40 proceedings:

As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim. *[State v.] Schrock,* [149 Ariz. 433, 719 P.2d 1049 (1986)]. To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict, *State v. Lemieux,* 137 Ariz. 143, 669 P.2d 121 (Ariz.Ct.App.1983); however, a petitioner's conclusions need not be regarded as true. *Phillips v. State,* 108 Idaho 405, 700 P.2d 27 (1985). Where examination of the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing. *Widermyre v. State,* 452 P.2d 885 (Alaska 1969). The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial court record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court. *Id.*

*State v. Allen,* 7 Haw.App. 89, 92–93, 744 P.2d 789, 792–793 (1987). In *Dan v. State,* we approved and adopted the above standard set forth by the ICA insofar as it provides for de novo review as the standard of review in the denial of hearings in Rule 40 proceedings. We apply it to the present case.

■ As to the ineffective assistance of counsel claim, Appellant failed to allege facts to support his contention. Appellant's only support for the claim of ineffective assistance of counsel is his statement that, "[t]he direction I had sought to pursue my counsel wouldn't consider, which I felt would have gained my freedom." Although Appellant

was *pro se* when he filed his petition and "should not suffer for his inability to articulate his claims[,]" Appellant, as a *pro se* petitioner, still must alert the court to the general issue that is the basis of his claim of ineffective assistance of counsel. *Bryant v. State,* 6 Haw.App. 331, 335, 720 P.2d 1015, 1019 (1986) (*disapproved on other grounds* in *Briones v. State,* 74 Haw. 442, 460–461 n. 11, 848 P.2d 966, 975–76 n. 11 (1992)). In *Bryant,* although the petitioner failed to "specify as a ground for relief the precise factual basis" upon which his appeal was based in his original petition, he subsequently amended his petition and clearly raised the factual issue that served as the substance of his ineffective assistance of counsel claim. *Id.*

In the present case, Appellant did alert the State to the ineffective assistance of counsel claim. However, Appellant, unlike the petitioner in *Bryant,* failed to alert the State to any action or inaction by Appellant's counsel that could be characterized as inappropriate or detrimental to Appellant. The unclear statement, "[t]he direction I had sought to pursue my counsel wouldn't consider, which I felt would have gained my freedom[,]" with no further explanation does not provide the court with the factual basis upon which an ineffective assistance of counsel claim can be substantiated.

Essentially, Appellant failed to allege any "facts showing that such 'errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense.'" *Allen,* 7 Haw.App. at 94, 744 P.2d at 793 (quoting *State v. Casipe,* 5 Haw. App. 210, 217, 686 P.2d 28, 34 (1984)); *see Briones,* 74 Haw. at 460–461 n. 11, 848 P.2d at 975–76 n. 11; *see also State v. Aplaca,* 74 Haw. 54, 71–72, 837 P.2d 1298, 1307 (1992). Consequently, Appellant's allegations do not amount to a colorable claim.

Appellant also alleges as a basis for relief that there was insufficient evidence to support the jury's verdict on the attempted first degree murder and attempted manslaughter charges.

HRPP Rule 40(a)(3) restricts the issues that may be raised in a post-conviction proceeding and provides in pertinent part that

"[s]aid proceeding shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived."

■ Appellant has previously appealed the attempted first degree murder conviction, alleging that there was insufficient evidence to support the verdict. On appeal, this court found that there was no reversible error and affirmed the conviction. Accordingly, pursuant to HRPP Rule 40(a)(3), Appellant may not raise the issue of insufficient evidence as to his attempted first degree murder conviction in a HRPP Rule 40 petition.

■ Likewise, the claim challenging the sufficiency of evidence for the attempted manslaughter conviction is also prohibited by HRPP Rule 40(a)(3) because the issue was previously ruled upon when the United States District Court for the District of Hawai'i denied Appellant's claim of "insufficient evidence to support guilt findings" in his habeas corpus petition.

Assuming *arguendo* that Appellant's broad statement, "insufficient evidence to support guilt findings," does not include his claim of insufficient evidence to support the attempted manslaughter conviction (in that Appellant does not specify in his petition for writ of habeas corpus, the particular "guilt finding" not supported by the evidence), Appellant still would not be able to assert the claim of insufficiency of evidence for the attempted manslaughter conviction because he waived that claim.

HRPP Rule 40(a)(3) provides in pertinent part:

An issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue. There is a rebuttable presumption that a failure

to appeal a ruling or to raise an issue is a knowing and understanding failure.

HRPP Rule 40(a)(3).

Appellant failed to raise the issue of insufficient evidence to support the attempted manslaughter conviction on appeal, failed to present any facts to rebut the presumption that the failure to raise that issue was made knowingly, and has failed to prove the existence of extraordinary circumstances to justify his failure to raise the issue. Therefore, assuming the issue of insufficient evidence to support the attempted manslaughter conviction was not asserted and ruled upon below, Appellant waived the issue for the purposes of an HRPP Rule 40 petition.

### D. *Erroneous Denial of Jury Instructions*

Lastly, Appellant asserts that the trial court erred when it refused certain jury instructions relating to the attempted first degree murder conviction.[3] Appellant, however, failed to specify this allegation as a ground for relief in his HRPP Rule 40 petition.

In *Bryant*, the ICA found that the "[f]ailure to raise [a Rule 40 issue] . . . specifically in the petition does not *per se* defeat the possibility of obtaining relief on that ground in the Rule 40 proceeding." 6 Haw.App. at 334, 720 P.2d at 1018. The ICA further determined that a *pro se* petitioner "should not suffer for his inability to articulate his claim." *Id.* 6 Haw.App. at 335, 720 P.2d at 1019 (citing *Commonwealth v. Galloway*, 212 Pa.Super. 154, 239 A.2d 893 (1968)). Applying the above rationale, Appellant's failure to raise the erroneous exclusion of jury instructions allegation in his petition would appar-

ently not prevent him from asserting the same on appeal. The instant case, however, is easily distinguished from *Bryant*.

In *Bryant*, because at the trial level: (1) the State was alerted to the general issue; (2) the petitioner, subsequent to the filing of the initial petition at the trial level, clearly raised the specifics of the issue in a subsequent memorandum in support of the petition; (3) the State responded to the issue in a supplemental memorandum; (4) the trial court considered the issue; and, most importantly, (5) HRPP Rule 40(e) provides that amendments to the petition shall be freely allowed, the ICA concluded that despite the petitioner's failure to specifically allege the factual basis of his claim for relief, the claim would survive as an amendment to the petition.

In the instant case, unlike *Bryant*, Appellant did not alert the State to the general issue of erroneous denial of jury instructions.[4] Consequently, the State could not respond, and the trial court never considered the issue. Appellant's petition, therefore, may not be construed to have been amended to include the erroneous jury instructions issue. Moreover, because "[t]he general rule is that an issue which was not raised in the lower court will not be considered on appeal," we do not address Appellant's claim of erroneous exclusion of jury instructions. *Kernan v. Tanaka*, 75 Haw. 1, 35, 856 P.2d 1207, 1224 (1993) (quotation and citations omitted), *cert. denied*, —— U.S. ——, 114 S.Ct. 1070, 127 L.Ed.2d 389 (1994); *see also Tax Appeal of Hawaiian Flour Mills, Inc.*, 76 Hawai'i 1, 868 P.2d 419 (1994).

---

3. In his petition for a writ of habeas corpus filed in the United States District Court for the District of Hawai'i, Appellant previously made the allegation of erroneous jury instructions. The specifics of this claim, however, are unclear from the record. Consequently, although the present contention of erroneous exclusion of jury instructions may be a similar claim and therefore inapplicable as a basis for relief pursuant to HRPP Rule 40(a)(3), this claim is not excludable based on a finding of "inapplicability" because the spe-

cifics of the erroneous jury instructions claim in the habeas corpus proceeding are not before this court.

4. Appellant inappropriately raises this issue for the first time when appealing the denial of his Rule 40 petition and, even then, this time with the assistance of counsel, fails to specify the factual basis of his erroneous exclusion of jury instructions contention.

In sum, Appellant has failed to establish a colorable claim. He, therefore, is not entitled to HRPP Rule 40 relief, and the order of the trial court denying Appellant's HRPP Rule 40 petition is without error.

## IV. CONCLUSION

Based on the foregoing, we affirm the order denying Appellant's petition for post-conviction relief.