ROBERT SAPANARA, Petitioner-Appellant,
v.
STATE OF HAWAI`I, Respondent-Appellee.
No. 29016.
Intermediate Court of Appeals of Hawaii.
April 27, 2009.
On the briefs:
Robert Sapanara, Petitioner-Appellant Pro Se.
James M. Anderson, Deputy Prosecuting Attorney City and County of Honolulu, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FOLEY, and NAKAMURA, JJ.
Petitioner-Appellant Robert Sapanara (Sapanara), pro se, appeals from the "Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief and Motion for Appointment of Counsel" (Order Denying Petition) filed on February 4, 2008, by the Circuit Court of the First Circuit (circuit court).[1] We affirm.
Sapanara was convicted of four counts of first-degree sexual assault and three counts of third-degree sexual assault based on evidence that he sexually assaulted his two daughters. Complainant 1 and Complainant 2, when they were younger than fourteen years old. He was sentenced to twenty years of imprisonment on the first-degree counts and five years of imprisonment of the third-degree counts, all counts to run concurrently.
Sapanara was represented by privately-retained counsel at trial. Sapanara was represented on direct appeal by new counsel appointed by the trial court. On direct appeal, Sapanara argued that 1) the trial court had abused its discretion in excluding a videotape showing Sapanara and his daughters interacting during a beach outing; and 2) various actions and omissions of his counsel during trial had deprived Sapanara of his right to the effective assistance of counsel. In a Memorandum Opinion issued on November 18, 2005, this court rejected each of Sapanara's claims and affirmed his convictions. State v. Sapanara, No. 26457, 2005 WL 3108504 (Hawai`i App. November 18, 2005). Sapanara's application for writ of certiorari to the Hawai`i Supreme Court was denied.
Sapanara filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 with the United States District Court for the District of Hawai`i (district court). The district court dismissed the petition without prejudice by order dated March 28, 2007, ruling that Sapanara had failed to exhaust his state judicial remedies and had failed to present certain of his claims as federal claims in the state courts.
On May 9, 2007, Sapanara filed a Petition for Post-Conviction Relief pursuant to Hawai`i Rules of Penal Procedure (HRPP) Rule 40 (Rule 40 Petition) that is at issue in this appeal. Sapanara's Rule 40 Petition alleged the following four general grounds for relief: 1) ineffective assistance of both trial and appellate counsel; 2) prosecutorial misconduct; 3) abuse of discretion of the trial judge; and 4) denial of the right to prove his actual and factual innocence. Under each general ground for relief, Sapanara alleged numerous claims, which were set forth in separately numbered paragraphs: ten paragraphs plus subparagraphs as to ground 1, twelve paragraphs as to ground 2, eleven paragraphs as to ground 3, and five paragraphs as to ground 4.
The circuit court denied Sapanara's Rule 40 Petition without a hearing based on one or more of the following reasons: 1) Sapanara's claims had been ruled upon or waived; 2) Sapanara's claims were without merit, patently frivolous, and without a trace of support in the record; and 3) Sapanara failed to allege any colorable claims.

I.
In this appeal, Sapanara basically reasserts the same multitude of claims that he raised in his Rule 40 Petition and argues that the circuit court erred in denying his Rule 40 Petition without a hearing. We conclude that the circuit court did not err in denying Sapanara's Rule 40 Petition without a hearing.
1. We reject Sapanara's claims that: 1) his trial counsel provided ineffective assistance; 2) the prosecutor engaged in misconduct; and 3) the trial judge abused his discretion. Those claims were either previously ruled upon or were waived because Sapanara did not raise them on direct appeal, and Sapanara did not show the existence of extraordinary circumstances justifying his failure to raise the claims on direct appeal. HRPP Rule 40(a)(3); Stanley v. State, 76 Hawai`i 446, 450-51, 879 P.2d 551, 555-56 (1994). Therefore, the circuit court did not err in denying these claims without a hearing.
2. We reject Sapanara's claims that his appellate counsel was ineffective. Appellate counsel is not required to raise every conceivable legal theory on appeal. See Briones v. State, 74 Haw. 442, 465-67, 848 P.2d 966, 977-78 (1993). In Briones, the Hawai`i Supreme Court set forth the following test for evaluating whether appellate counsel was ineffective:
If an appealable issue is omitted, then both the issues actually presented on appeal as well as those omitted are evaluated in light of the entire record, the status of the law and, most importantly, counsel's knowledge of both. Counsel's scope of review and knowledge of the law are assessed, in light of all the circumstances, as that information a reasonably competent, informed and diligent attorney in criminal cases in our community should possess. Counsel's informed decision as to which issues to present on appeal will not ordinarily be second-guessed. Counsel's performance need not be errorless. If, however, an appealable issue is omitted as a result of the performance of counsel whose competence fell below that required of attorneys in criminal cases then appellant's counsel is constitutionally ineffective.
Id. at 466-67, 848 P.2d at 978 (footnotes omitted; emphasis in original).
Based on our review of the record, we conclude that Sapanara has failed to allege facts showing that the performance of his appellate counsel fell below the standard expected of informed and competent appellate attorneys in criminal cases. The circuit court did not err in denying Sapanara's claims that his appellate counsel was ineffective without a hearing. See Dan v. State, 76 Hawai`i 423, 427, 879 P.2d 528, 532 (1994) (concluding that it is not error to deny an HRPP Rule 40 petition without a hearing where the petition fails to state a colorable claim).
3. We reject Sapanara's claims that the circuit court violated his right to prove his "actual and factual innocence" by denying his post-trial requests for DNA testing and a bill of particulars. Sapanara was charged with sexually assaulting Complainant 1 between 1995 and January 2000 and Complainant 2 between 1995 and June 2000. The alleged vaginal swabbing of Sapanara's daughters did not occur until after the daughters reported the charged sexual assaults in March 2002. Thus, at least eighteen months had passed between the charged sexual assaults and the purported taking of the vaginal swabs. Sapanara did not provide the circuit court with any basis for concluding that, under the circumstances of this case, DNA testing could possibly assist in demonstrating his innocence.
Sapanarafs daughters testified that the sexual assaults took place over a prolonged period of time and provided general time frames for the sexual assaults, not specific dates and times. Sapanara failed to show that he was entitled to a posttrial bill of particulars or that the failure to grant such a bill of particulars violated his right to prove his innocence. The circuit court did not err in denying Sapanara's claims regarding the denial of his right to prove his actual and factual innocence without a hearing. See Dan, 76 Hawai`i at 427, 879 P.2d at 532.

III.
We affirm the Order Denying Petition filed by the circuit court on February 4, 2008.
NOTES
[1] The Honorable Richard K. Perkins presided.