**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000420**
**19-MAY-2022**
**07:48 AM**
**Dkt. 70 SO**

NO. CAAP-20-0000420

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CHRISTOPHER TENIS, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee,

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1PR181000014)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Self-represented Petitioner-Appellant Christopher **Tenis** appeals from the **"Order** Dismissing Christopher Tenis' [sic] Hawaii [sic] Rules of Penal Procedure Rule 40 Petition, Filed June 26, 2018, Without Hearing" entered by the Circuit Court of the First Circuit on March 6, 2020.[1] For the reasons explained below, we affirm the Order.

**A.**

We must first address the statement contesting jurisdiction filed by Respondent-Appellee **State** of Hawaiʻi. Although the State did not move to dismiss, we have "an independent obligation to ensure jurisdiction over each case." State v. Smith, 149 Hawaiʻi 153, 163, 484 P.3d 166, 176 (App.

---

[1] The Honorable Rowena A. Somerville presided.

2021) (cleaned up).  The Order was entered on March 6, 2020.  Under Rule 4(b)(1) of the Hawaiʻi Rules of Appellate Procedure (**HRAP**), a notice of appeal was due within 30 days, or by April 6, 2020.[2]  Tenis's notice of appeal was tendered to prison officials on May 28, 2020.  See Setala v. J.C. Penney Co., 97 Hawaiʻi 484, 485, 40 P.3d 886, 887 (2002) (holding that self-represented prisoner's notice of appeal is deemed filed on the day it is tendered to prison officials).  However, the record indicates that the Order was not mailed to the prison where Tenis was incarcerated until May 4, 2020, and was received by the prison on May 11, 2020.  Under these circumstances, where Tenis's notice of appeal is deemed filed within 30 days after he received notice of the Order, his notice of appeal was timely.  See Grattafiori v. State, 79 Hawaiʻi 10, 13-14, 897 P.2d 937, 940-41 (1995) (noting that belated appeals have been permitted when "the lower court's decision was unannounced and no notice of the entry of judgment was ever provided").  We have jurisdiction to consider Tenis's appeal.

**B.**

On September 6, 2012, the grand jury indicted Tenis on four counts of Sexual Assault in the First Degree in violation of Hawaii Revised Statutes (**HRS**) § 707-730(1)(b) or (c), and seven counts of Sexual Assault in the Third Degree in violation of HRS § 707-732(1)(b) or (c).  Tenis pleaded not guilty.  He later entered into a plea agreement with the State by which he agreed to plead guilty to four reduced charges of Sexual Assault in the Second Degree in violation of HRS § 707-731(1)(a) and to the seven charges of Sexual Assault in the Third Degree.  He pleaded guilty on November 26, 2012.  On February 12, 2014, he was sentenced to ten years on each count of sexual assault in the

---

[2]      The 30th day after March 6, 2020, was actually Sunday, April 5, 2020.  See HRAP Rule 26(a).

second degree and to five years on each count of sexual assault in the third degree, all sentences to be served concurrently.

On June 26, 2018, a self-represented Tenis filed a 267-page "**Petition** for Post-Conviction Relief" under Rule 40 of the Hawaiʻi Rules of Penal Procedure (**HRPP**).  The Petition stated eight grounds for relief: (1) ineffective assistance of counsel; (2) unlawfully induced plea; (3) prejudice by counsel; (4) erroneous advice by counsel; (5) counsel failed to advocate for defendant; (6) counsel failed to exercise discovery rights; (7) failure of the State to provide evidence to defendant that was favorable to defendant; and (8) prosecutorial misconduct; breach of plea.  The circuit court dismissed the Petition without a hearing; the Order was entered on March 6, 2020.  This appeal followed.

### C.

We review an order denying an HRPP Rule 40 petition de novo.  Rapozo v. State, 150 Hawaiʻi 66, 77-78, 497 P.3d 81, 92-93 (2021).

The only discernible argument made in Tenis's opening brief is that the trial court failed to personally address him about his right of allocution during his sentencing hearing. Tenis's Petition raised eight issues; none of them concerned allocution.  The State's response to the Petition addressed all eight issues raised; the State's response did not address allocution.  The circuit court's March 6, 2020 Order ruled on all eight issues raised in the Petition; the Order did not rule on allocution.[3]  Because "the general rule is that an issue which was not raised in the lower court will not be considered on appeal," we decline to address Tenis's claim that the trial court failed to personally address him about his right of allocution

---

[3]     We take judicial notice, pursuant to Rule 201 of the Hawaii Rules of Evidence (**HRE**), that Tenis filed a motion for reconsideration in the circuit court on March 2, 2021.  That motion raised the allocution issue.  The State's memorandum in opposition was filed on March 15, 2021.  As of May 12, 2022, the circuit court has not ruled on the motion.

during his sentencing hearing. <u>See</u> <u>Stanley v. State</u>, 76 Hawai'i 446, 451, 879 P.2d 551, 556 (1994) (cleaned up) (declining to address issue raised for the first time on appeal from order denying HRPP Rule 40 petition).[4]

**D.**

For the foregoing reasons, the "Order Dismissing Christopher Tenis' [sic] Hawaii [sic] Rules of Penal Procedure Rule 40 Petition, Filed June 26, 2018, Without Hearing" entered by the circuit court on March 6, 2020, is affirmed, without prejudice to the circuit court's pending disposition of Tenis's motion for reconsideration below or his separately filed HRPP Rule 40 petition or to any timely appeal arising therefrom.

DATED: Honolulu, Hawai'i, May 19, 2022.

On the briefs:

Christopher Tenis,
Self-represented Petitioner-
Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[4] We also take judicial notice, pursuant to HRE Rule 201, that Tenis filed a separate HRPP Rule 40 petition with the circuit court on April 1, 2021, in which he raises a claim of illegal sentence based upon the trial court's failure to personally address him about his right of allocution during his sentencing hearing.