**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000076
28-JUN-2024
09:10 AM
Dkt. 218 SO**

NO. CAAP-20-0000076

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CHRIS SLAVICK, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 1PR191000014; CR. NO. 1PC041001534)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge; and
Circuit Judges Hamman and Somerville, in place of
Hiraoka, Wadsworth, Nakasone, McCullen,
and Guidry, JJ., all recused)

Self-represented Petitioner-Appellant Chris Slavick

(**Slavick**) appeals from the January 23, 2020 Order Denying

Petition to Vacate, Set Aside, or Correct Judgment or to Release

Petitioner from Custody, Filed October 19, 2019 (**Order Denying

2019 Petition**), entered by the Circuit Court of the First Circuit

(**Circuit Court**).[1]

Slavick's October 19, 2019 Petition to Vacate, Set

Aside, or Correct Judgment or to Release Petitioner from Custody

(**2019 Petition**) arose in the first instance from Slavick's 2013

---

[1] The Honorable Matthew J. Viola presided.

conviction for Promoting a Harmful Drug in the First Degree in violation of Hawaii Revised Statutes (**HRS**) § 712-1244(1)(a) (1993), for which he was sentenced to twenty years in prison.[2] Slavick appealed from the 2013 conviction, and this court affirmed. State v. Slavick, CAAP-13-0000701, 2014 WL 3708070 (Haw. App. July 24, 2014) (SDO).

In the proceedings leading to this appeal, the Circuit Court took judicial notice of the records and files in Criminal Number 1PC041001534 and related appeal, CAAP-13-0000701, and prior post-conviction proceedings (SPP No. 16-1-0004) and a related appeal, CAAP-17-0000834. Also having considered all the records and files in this case (1PR191000014), the Circuit Court denied the 2019 Petition.

In this appeal, Slavick contends that the Circuit Court erred by denying the 2019 Petition without a hearing. Slavick raises the same five grounds raised in his 2019 Petition as his points of error on appeal. Slavick contends that the Circuit Court abused its discretion and plainly erred in denying his 2019 Petition because: (1) the prosecution provided him in discovery a fraudulent transcript of an October 28, 2003 interview; (2) in 2003, HRS § 329-18 did not list methandienone (methandrostenolone) as a controlled substance; (3) the grand jury indictment was obtained based on perjured testimony, hearsay, and other prosecutorial misconduct; (4) the sentencing judge falsified court records and relied on the falsified records

---

[2]   The Honorable Karen S.S. Ahn presided over the criminal trial and sentencing.

in determining his sentence; and (5) the Hawaiʻi Paroling Authority (**HPA**) failed to follow its guidelines and violated his right to due process.[3]

We take judicial notice of the records and files of Slavick's appeal from his conviction, CAAP-13-0000701, his prior Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40 petition, SPP No. 16-1-0004 (**2016 Petition**), and related appeal, CAAP-17-0000834.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Slavick's appeal as follows:

(1)  Slavick argues that the prosecution provided him with a fraudulent interview transcript during discovery.  This argument was previously raised and rejected as grounds for relief.  Slavick v. State, CAAP-17-0000834, 2020 WL 6112523, *3 (Haw. App. Oct. 22, 2020) (SDO).

(2)  Slavick argues that in 2003, HRS § 329-18 did not list methandienone (methandrostenolone) as a controlled substance.  This argument is without merit.  HRS § 329-18(g)(12) (Supp. 2013) identified Methandrostenolone (Methandienone) as an anabolic steroid.  Therefore, the Circuit Court did not err in

---

[3]     Slavick also argues that the Circuit Court was wrong in concluding that grounds one, and three through five of his 2019 Petition, were patently frivolous because he discovered the grounds for the first time within a box of documents he received from his prior appellate counsel pursuant to a January 4, 2018 order directing counsel to return documents to him.  We conclude, however, that it is unnecessary to reach this argument.

finding that ground two of the 2019 Petition was patently frivolous and without support.

(3)  Slavick argues that the grand jury indictment was based on perjured testimony, hearsay, and other prosecutorial misconduct.  Slavick unsuccessfully raised this argument in petitions for writ of habeas corpus submitted in the Circuit Court before and after the jury returned its verdict of conviction.[4]  Slavick did not raise this argument on direct appeal or in his 2016 Petition and appeal, and he does not present any extraordinary circumstances justifying his failure to raise the issue.  We conclude that it is waived.  See HRPP Rule 40(a)(3); see also, e.g., Stanley v. State, 76 Hawaiʻi 446, 451, 879 P.2d 551, 556 (1994).

In any case, it appears that this argument lacks merit. A defendant bears the burden to prove that the improper presentation of evidence to the grand jury was so extreme and flagrant that the grand jury was clearly overreached or deceived in a significant way.  State v. Chong, 86 Hawaiʻi 290, 298, 949 P.2d 130, 138 (App. 1997).  Slavick contended in the 2019 Petition that a witness erroneously told the grand jury that the two bottles of pills found in his possession were labeled "Danabol DS steroids" when they were not.  However, two other witnesses told the grand jury that the bottles were labeled "Danabol DS, methandionone, 10 milligrams, 500 tablets," and one witness testified that Slavick denied knowing the pills in his

---

[4]  Slavick was in custody at the time of the trial, resulting in his conviction.

possession were illegal to bring into the country. On this record, we conclude that Slavick did not meet his burden of proof, and the Circuit Court did not err in finding that ground three of the 2019 Petition was patently frivolous and without support.

(4) Slavick argues that the Circuit Court tampered with a government record, in violation of HRS § 710-1017 (2014), falsified records in the Judiciary's Hoʻohiki database and the Hawaiʻi Integrated Justice Information Sharing database, and imposed an illegal sentence on him, by relying on a presentence report with errors. Slavick fails to demonstrate that the presentence report, which reported that he had no prior convictions, was erroneous.

Slavick points to, but offers no discernible argument as to the significance of, the court's correction to the record in his criminal case by deleting records that were filed in that case by clerical error. In other words, there is no discernible argument as to how this affected his sentencing. Slavick was convicted of a class A felony. HRS § 712-1244(2) (1993). At sentencing, the Circuit Court was required to impose an indeterminate twenty-year term of imprisonment. HRS § 706-659 (2014).

We conclude that this argument is without merit.

(5) Slavick argues that the HPA violated its guidelines and the law, and as a result of an "illegal scheme" involving biased HPA members and dishonest Saguaro Correctional Center (**SCC**) staff, are inflicting "many more months of

imprisonment [on him] beyond [his] expired minimum" term.  He complains of "fraudulent write-ups" in progress reports submitted by SCC staff to the HPA and lack of assistance from his parole officer to prepare a proposed parole plan.

The HPA retains discretion whether to grant or deny parole.  State v. Keohokapu, 127 Hawaiʻi 91, 112, 276 P.3d 660, 681 (2012).  It appears that the HPA denied Slavick parole because Slavick needed to take a cognitive skills class, not because of the misconducts noted in the SCC progress reports.

Although Slavick complained that his parole officer refuses to provide him a list of halfway houses to contact, so that he can list a residence address in his parole plan, the State represents that Slavick "refuses to fill out the forms or sign for the paperwork HPA sends to him."  Slavick does not contend that he is unable to obtain information regarding halfway houses through means other than his parole officer.  Accordingly, we cannot conclude that the Circuit Court erred when it concluded that Slavick failed to establish a due process violation here.

For these reasons, the Circuit Court's January 23, 2020 Order Denying 2019 Petition is affirmed.

It is further ordered that all pending motions (including the submissions at DKT 175, 192, 194, 196, 216) are denied.

DATED: Honolulu, Hawaiʻi, June 28, 2024.

On the briefs:

Chris Slavick,
Petitioner-Appellant *Pro Se*.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Respondent-Appellee.

Craig Y. Iha,
Lisa M. Itomura,
Deputy Attorneys General
for Respondent-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Kirstin M. Hamman
Circuit Judge

/s/ Rowena A. Somerville
Circuit Judge