883 P.2d 682

**STATE of Hawai'i, Plaintiff–Appellee,**

**v.**

**Victor ALAGAO, Defendant–Appellant.**

**No. 16110.**

Intermediate Court of Appeals of Hawai'i.

Oct. 21, 1994.

·Peter E. Roberts (Alvin T. Sasaki, on the brief), Honolulu, for defendant-appellant.

Doraine F. Meyer, Deputy Prosecuting Atty., City and County of Honolulu, on the brief, Honolulu, for plaintiff-appellee.

Before BURNS, C.J., and HEEN and WATANABE, JJ.

BURNS, Chief Judge.

Defendant Victor Alagao (Alagao) appeals the family court's April 10, 1992 Judgment, after a jury trial, convicting him of four counts of Sexual Assault in the First Degree, Hawai'i Revised Statutes (HRS) § 707–730(1)(b) (Supp.1992); one count of Attempted Sexual Assault in the First Degree, HRS §§ 705–500 (1985) and 707–730(1)(b); and four counts of Sexual Assault in the Third Degree, HRS § 707–730(1)(b) (Supp.1992). We vacate and remand.

The alleged victim (Stepdaughter) is female, born on July 2, 1976. From August 25, 1985, when Alagao and Stepdaughter's mother (Mother) were married, until July 22, 1990, when Alagao and Mother were divorced, Alagao was Stepdaughter's stepfather. The above-specified crimes allegedly occurred between September 1, 1987 and May 10, 1989.

## I.

## SUBJECT MATTER JURISDICTION

On October 1, 1990, Alagao moved pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 12(b)(2) to dismiss the indictment on the ground that the family court did not have subject matter jurisdiction with respect to the crimes charged.

Jurisdiction of the offense charged (subject matter jurisdiction) and of the person accused (personal jurisdiction) are fundamental and indispensable prerequisites to a valid prosecution. *State v. Meyers,* 72 Haw.

591, 825 P.2d 1062 (1992). A court has subject matter jurisdiction over a case if it is authorized to take cognizance of, try, and determine a case involving that subject matter. *Coleman v. Coleman*, 5 Haw. 300 (1885). A court always has jurisdiction to determine whether it has subject matter jurisdiction over a particular case. *State v. Brandimart*, 68 Haw. 495, 720 P.2d 1009 (1986). An appellate court always has jurisdiction to determine whether the court appealed from had jurisdiction over the subject matter of the appeal. *Korean Buddhist Dae Won Sa Temple of Hawai'i, Inc. v. Zoning Bd. of Appeals*, 9 Haw.App. 298, n. 1, 837 P.2d 311, n. 1 (1992).

With respect to subject matter jurisdiction, the rules of procedure applicable to civil cases and criminal cases are essentially the same. Hawai'i Rules of Civil Procedure (HRCP) Rule 12(b)(1) states as follows:

> **(b) How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter,
>
> . . . .

Similarly, HRPP Rule 12(b)(2) states as follows:

> **(b) Pretrial Motions.** Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. The following must be raised prior to trial.
>
> \* \* \* \* \* \*
>
> (2) defenses and objections based on defects in the charge (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings);
>
> \* \* \* \* \* \*

■ Likewise, the subject matter jurisdiction principles applicable to civil cases and criminal cases are essentially the same.

However, more has been written about civil subject matter jurisdiction than about criminal subject matter jurisdiction. Therefore, we will apply to criminal cases the subject matter jurisdiction authority applicable to civil cases.

■ Federal Rules of Civil Procedure (FRCP) Rule 12(b)(1) is the source of similarly worded HRCP Rule 12(b)(1). With respect to FRCP Rule 12(b)(1), Moore's Federal Practice states in relevant part as follows:

> There are two types of challenges to subject matter jurisdiction that may be made: (1) a facial attack; or (2) a factual attack. The less common of these is the facial attack, in which the movant . . . asserts that the undisputed facts and the jurisdictional allegations of the complaint are insufficient on their face to demonstrate the existence of jurisdiction. . . .
>
> However, if the . . . motion is a factual attack on the jurisdictional allegations of the complaint—*i.e.*, the truth of the jurisdictional facts alleged . . . is challenged—the court may receive any competent evidence, such as affidavits, deposition testimony and the like, in order to determine the factual dispute.
>
> \* \* \* \* \* \*
>
> Therefore, the better rule is that the district court may hear and resolve any factual dispute unrelated to the merits of the action when such resolution is necessary to determine its own jurisdiction. . . .
>
> . . . [A]ny factual dispute upon which the existence of jurisdiction may turn is for the court alone, and not a jury, to determine. Appellate review of such a factual determination is on a clearly erroneous basis.

J. Moore & J. Lucas, 2A *Moore's Federal Practice* ¶ 12.07[2.–1] (1994) (footnotes omitted).

Thus, the court, not the jury, decides the facts relevant to the question of subject matter jurisdiction. In Alagao's case, what facts are relevant?

■ The source of the family court's subject matter jurisdiction is HRS § 571–14(1)

(Supp.1992). It states in relevant part as follows:

> *Jurisdiction; adults.* The court shall have exclusive original jurisdiction:
>
> (1) To try any offense committed against a child by the child's parent or guardian or by any other person having the child's legal or physical custody[.]

Hawai'i's Uniform Child Custody Jurisdiction Act, HRS § 583–2(8) (1985), states that " 'Physical custody' means the actual possession and control of a child."

At the times of the alleged crimes, Stepdaughter was less than thirteen years old. Mother and Stepdaughter's less-than-sixteen-year-old sister (Sister) were not at home. Stepdaughter, Stepdaughter's less-than-five-year-old brother (Brother), and Alagao were at home.

After an evidentiary hearing, the family court's October 29, 1990 Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion to Dismiss Indictment for Lack of Jurisdiction decided in relevant part as follows:

> 5. The Court finds and concludes that an examination of Section 571–14, *H.R.S.*, reveals by implication that Family Court has exclusive and original jurisdiction over a step-parent [alleged] perpetrator of a crime committed against his or her stepchild.
>
> 6. This Court concludes that the Defendant, as the step-father of the victim, falls squarely within the meaning of Section 571–14, *H.R.S.*.
>
> 7. Furthermore, the Court's examination of the definition of "family or household member" detailed in Section 709–906, *H.R.S.*, reveals that under the facts and circumstances of this case, both the Defendant and the [alleged] victim would also qualify as "family or household member[s]."
>
> 8. Thus, this Court concludes that the instant charges are properly subject to Family Court jurisdiction.

HRS § 709–906 (Supp.1992) specifies the offense of Abuse of Family and Household Members. Alagao was not charged with that offense. The fact that Alagao was a "family or household member" for purposes of HRS § 709–906 did not satisfy HRS § 571–14(1)'s subject matter jurisdiction factual criteria because a "family or household member" is not by that fact "the child's parent or guardian or . . . any other person having the child's legal or physical custody[.]"

The family court appears to have concluded that a child's stepparent is by that fact the child's "parent or guardian or . . . other person having the child's legal or physical custody[.]" That conclusion is wrong.

A child's stepparent is not the child's parent. A child's stepparent who has not been lawfully appointed as the guardian of the child's person by the family court pursuant to HRS § 551–1 (1985) is not the child's guardian. The status of being a child's stepparent does not confer any legal rights upon the stepparent with respect to the child. HRS § 577–4 (1985) requires a stepparent to support the stepparent's stepchild only when: (1) the child resides with the stepparent; (2) the legal parents desert the child or are unable to support the child, thereby reducing the child to destitute and necessitous circumstances; and (3) the stepparent acts *in loco parentis* to the child. Stepparents have no rights with respect to the involuntary termination of parental rights, HRS § 571–61(b) (1985), or adoptions. HRS § 578–2 (Supp. 1992).

Therefore, the only possibility in Alagao's case is that Alagao (the child's stepparent) had physical custody, i.e., actual possession and control, of Stepdaughter (the child) during the times of the alleged crimes. The family court should have but did not answer this question of fact. On remand, it must do so.

## II.

## JURISDICTIONAL FACT VERSUS ESSENTIAL ELEMENT

■ At the subsequent jury trial, by agreement, the jury was instructed as to each of the nine counts that the first element was:

1: The Defendant was the parent, or guardian, or any other person having legal or physical custody of [his less-than-thirteen-year-old Stepdaughter];

The jury was also instructed that "Physical custody means actual possession and control of a child."

Alagao contests the sufficiency of the evidence to support the jury's decision that the first element of each of the nine counts had been proven beyond a reasonable doubt. It appears that the record contains substantial evidence that Alagao had physical custody, i.e., actual possession and control, of Stepdaughter during the relevant times. In November 1985, Alagao, Mother, Sister, Stepdaughter, and Brother moved into a house in Kailua. At times thereafter, Alagao told Stepdaughter what to do and what not to do and, on those occasions, Stepdaughter obeyed him. In other words, Alagao, at times, acted *in loco parentis* to Stepdaughter. Stepdaughter allegedly suffered the above-specified crimes in the Kailua house during times when Mother and Sister were not at home.

However, the issue was not for the jury to decide and the fact that the jury decided it is without consequence. As we have noted in part I, *supra*, the question whether Alagao had legal or physical custody of his less-than-thirteen-year-old Stepdaughter is a subject matter jurisdictional question of fact for the court to decide, not an essential element of the alleged offense for the jury to decide.

## CONCLUSION

Accordingly, we vacate the family court's April 10, 1992 Judgment and remand. On remand, the family court shall decide the factual question dispositive of the subject matter jurisdiction issue. If the answer is yes, the family court shall enter a new judgment of conviction. If the answer is no, the family court shall dismiss the case for lack of subject matter jurisdiction.