88 P.3d 683

**Russell WINTERBORNE,
Petitioner–Appellant,**

v.

**STATE of Hawai'i, Respondent–Appellee.**

**No. 24874.**

Intermediate Court of Appeals of Hawai'i.

April 6, 2004.

Certiorari Denied May 10, 2004.

Russell M. Winterborne, pro se, on the briefs, petitioner-appellant.

Loren J. Thomas, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for respondent-appellee.

BURNS, C.J., LIM and FOLEY, JJ.

Opinion of the Court by LIM, J.

■ Russell Winterborne (Winterborne or Petitioner) brings this *pro se* appeal of the January 4, 2002 order of the circuit court of the first circuit, the Honorable Michael A. Town, judge presiding. The order dismissed, without a hearing, Winterborne's June 12, 2001 *pro se* petition for post-conviction relief, which he brought under Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (2001) and filed in the circuit court of the first circuit.[1]

Winterborne's petition attacked the September 25, 1995 judgment of the family court of the first circuit, as amended on August 23, 1996, that convicted Winterborne of two counts of sexual assault in the third degree (counts I and IV)[2] and a reduced count of sexual assault in the second degree (count III).[3] Winterborne's convictions were based on his December 19, 1994 guilty pleas, tendered under an HRPP Rule 11(e)(1) plea agreement providing for *nolle prosequi* of counts II and V and reduction in grade of count III. Also under the plea agreement, Winterborne was sentenced to two five-year, indeterminate terms of imprisonment and one ten-year, indeterminate term of imprisonment, respectively, concurrent. Judge Town presided over the family court criminal proceedings, as well. Winterborne took no direct appeal from the judgment.[4]

The March 15, 1994 indictment filed in the family court of the first circuit was based upon grand jury testimony that Winterborne had sexually molested the eight- and twelve-year-old daughters of his relatively long-term, live-in girlfriend, when entrusted with

---

1. Hawai'i Rules of Penal Procedure (HRPP) Rule 40(f) provides in pertinent part:

   If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner.

   In *Stanley v. State*, 76 Hawai'i 446, 879 P.2d 551 (1994), the supreme court reiterated the general rule governing hearings on HRPP Rule 40 petitions that we announced in *State v. Allen*, 7 Haw.App. 89, 92–93, 744 P.2d 789, 792–93 (1987):

   As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim. To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict; however, a petitioner's conclusions need not be regarded as true. Where examination of the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing. The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial court record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court.

   *Stanley*, 76 Hawai'i at 449, 879 P.2d at 554 (citations and block quote format omitted). *See also Dan v. State*, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994). A trial court's decision to deny a Rule 40 petition without a hearing is reviewed *de novo* on appeal under the right/wrong standard. *Stanley*, 76 Hawai'i at 448, 879 P.2d at 553; *Dan*, 76 Hawai'i at 427, 879 P.2d at 532.

2. Hawai'i Revised Statutes (HRS) § 707–732 (1993 & Supp.2003) provides in pertinent part:

   (1) A person commits the offense of sexual assault in the third degree if:

   ....

   (b) The person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person;

   ....

   (2) Sexual assault in the third degree is a class C felony.

3. HRS § 707–731 (1993 & Supp.2003) provides in relevant part:

   (1) A person commits the offense of sexual assault in the second degree if:

   (a) The person knowingly subjects another person to an act of sexual penetration by compulsion;

   ....

   (2) Sexual assault in the second degree is a class B felony.

   The original charge in count III was sexual assault in the first degree. HRS § 707–730 (1993) provided in pertinent part:

   (1) A person commits the offense of sexual assault in the first degree if:

   ....

   (b) The person knowingly subjects to sexual penetration another person who is less than fourteen years old[.]

   (2) Sexual assault in the first degree is a class A felony.

4. Winterborne was represented by counsel in the family court criminal proceedings.

the care of the two in·November 1992 while his girlfriend was on the mainland on an extended business trip. Each of the five counts of the indictment alleged, *inter alia,* that Winterborne was "the parent or guardian or any other person having legal or physical custody of" the complainant.

Winterborne's various points and arguments on appeal are all subsumed and summarized in the conclusion to his opening brief:

[ (1) ]According to Family Court jurisdictional law [Hawai'i Revised Statutes (HRS) ] Section 571–14(1) this original case No. FC–CR 94–0004 should have never been filed in the Family Court and given Family Court jurisdiction as the case did not qualify for Family Court jurisdiction under the law.

[ (2) ]After the case was filed with the Family Court, a formal hearing was needed in order to transfer jurisdiction in the hearings of this case to the Circuit Court. This never occurred.

[ (3) ]Finally, Circuit Court did not have jurisdiction to hear the Rule 40 Petition because the case was originally sought in the Family Court.

Opening Brief at 14.

On point 1, Winterborne asserts:

Petitioner was not a parent or a guardian nor did Petitioner have legal or physical custody of alleged victims in all Counts. The family court was without jurisdiction pursuant to the plain language of HRS

Section 571–14(a)(1).[5] *State v. Alagao,* 77 Hawai'i 260, 883 P.2d 682 (1994)[6] is on point and mandates reversal of Petitioner's convictions in all Counts.

Opening Brief at 12–13 (quoted verbatim; footnotes supplied). On point 2, Winterborne argues, somewhat inconsistently, that

Petitioner never received a formal hearing in the Family Court to specifically relinguish [sic] and transfer jurisdiction of the case to the Circuit Court for the purpose of holding the "Change of plea" and "Sentencing" hearings. Family Court law HRS Section 571–22(a) specifically states in relevant part: "The court may waive jurisdiction and order a minor or adult held for criminal proceedings after full investigations and *hearing* ...".[7] The Family Court hearing is therefore required by law, before transfering [transferring] jurisdiction to any other court (such as the Circuit Court of the First Circuit). Case law states that: "A judgement rendered by a [Circuit] Court without subject matter jurisdiction is VOID." *Waikiki Marketplace Inv. Co. v. Chair of Zoning Board of Appeals of the City and County of Honolulu,* 86 Hawai'i at 348, 949 P.2d 183. Therefore the judgement in this case should be rendered void.

Opening Brief at 13 (quoted verbatim; footnote supplied). On point 3, Winterborne contends:

Petitioner's proceeding for post-conviction relief was not filed with the clerk of

---

**5.** The applicable statute, HRS § 571–14(1) (1993), provided in pertinent part that, "The [family] court shall have exclusive original jurisdiction: (1) To try any offense committed against a child by the child's parent or guardian or by any other person having the child's legal or physical custody[.]"

**6.** In *State v. Alagao,* 77 Hawai'i 260, 883 P.2d 682 (App.1994), we vacated Alagao's sexual assault convictions because the family court had erroneously concluded it had subject matter jurisdiction under HRS § 571–14(1) (Supp.1992) merely because Alagao was the complainant's stepfather, and remanded for the family court's determination whether Alagao "had physical custody, i.e., actual possession and control, of Stepdaughter (the child) during the times of the alleged crimes." *Alagao,* 77 Hawai'i at 263, 883 P.2d at 685.

**7.** The full text of HRS § 571–22(a) (1993) read:

The court may waive jurisdiction and order a minor or adult held for criminal proceedings after full investigation and hearing where the person during the person's minority, but on or after the person's sixteenth birthday, is alleged to have committed an act which would constitute a felony if committed by an adult, and the court finds there is no evidence the person is committable to an institution for the mentally defective or retarded or the mentally ill, is not treatable in any available institution or facility within the State designed for the care and treatment of children, or that the safety of the community requires that the person continue under judicial restraint for a period extending beyond the person's minority.

Winterborne was thirty-eight years old, or thereabouts, when he committed the offenses.

the court in which the conviction took place (Family Court of the First Circuit).[8] Petitioner, proceeding pro se filed the Petition in the Circuit Court of the First Circuit when the Petition was to be filed in the Family Court of the First Circuit. This should have been routed to the Family Court by the cleck [clerk] of the court. Therefore, the Circuit Court was without jurisdiction to entertain Petitioner's Rule 40 Petition. The Findings of Fact and Conclusions of Law in this cases denying Petition's Petition must be vacated in order that Petitioner may proceed in the proper forum, namely the Family Court:

Opening Brief at 12 (quoted verbatim; footnote supplied).

In his statements of related cases, Winterborne references "S.C. No. 24753," which he describes as "extremely similar" to this case, Opening Brief, Statement of Related Cases, in that the two cases "involve the alleged violation of the same Hawai'i statutes HRS Section 707–730(1)(b) and 707–732(1)(b) and include similar alleged circumstances." Winterborne also notes that the two cases raise identical issues on appeal. Reply Brief, Statement of Related Cases.

The supreme court recently decided S.C. No. 24753, in *Adams v. State*, 103 Hawai'i 214, 81 P.3d 394 (2003). Coming out of the circuit court of the third circuit, *Adams* is, as Winterborne states, a case virtually on all fours with ours. It is also outcome-dispositive:

In the instant case, the circuit court determined that Judge Amano had jurisdiction over Counts III, IV, V, and VI of the indictment irrespective of the factual question whether Adams had physical custody of Complainant B [9] during the times of the alleged crimes. We agree with the circuit court.

As correctly pointed out by the circuit court, HRS § 571–4 (1993) provides in pertinent part that "[t]he several judges of the second, third, and fifth circuits[ ] . . . shall, when exercising jurisdiction under . . . chapter [571], be judges of the family courts of their respective circuits." [10] Indeed, in Hawai'i, the family courts are *"divisions* of the circuit courts of the State[.]" HRS § 571–3 (1993) (emphasis added).[11] They are not separate and distinct courts from the circuit courts of the State. *See* Hse. Stand. Comm. Rep. No. 130, in 1965 House Journal, at 551 ("This section clearly indicates that the family courts shall be considered as coequal divisions of the circuit courts and not as inferior courts." (Emphasis added.))

We take judicial notice of the fact that Judge Amano was appointed to the Circuit Court of the Third Circuit on April 12, 1993 and was serving as a circuit court judge when she presided over Adams's case. It is undisputed that the family court had jurisdiction over Count II of the

**8.** HRPP Rule 40(b) provides in pertinent part that, "A proceeding for post-conviction relief shall be instituted by filing a petition with the clerk of the court in which the conviction took place."

**9.** "Complainant B" in counts III, IV, V and VI was "a girl of no relation living with her mom in the same home as Adams[.]" *Adams v. State*, 103 Hawai'i 214, 216, 81 P.3d 394, 396 (2003).

**10.** HRS § 571–4 (1993) provides:

In the first circuit any judge or judges so designated by the chief justice of the supreme court shall be the judge or judges of the family court of the first circuit. The several judges of the second, third, and fifth circuits, and of any other circuits hereafter created by the legislature, shall, when exercising jurisdiction under this chapter, be judges of the family courts of their respective circuits. In any circuit in

which more than one judge is authorized to exercise jurisdiction as judge of the family court, the chief justice of the supreme court shall designate one of the judges as senior judge.

Nothing in this chapter shall be construed to limit the jurisdiction and authority of any circuit judge, designated as judge of a family court, to matters within the scope of this chapter.

**11.** HRS § 571–3 (1993) provides, in relevant part:

The family courts shall be divisions of the circuit courts of the State and shall not be deemed to be other courts as that term is used in the State Constitution. A family court shall be held at the courthouse in each circuit, or other duly designated place, by the judge or judges of the respective family courts as herein defined.

indictment.[12] Thus, pursuant to HRS § 571–4, Judge Amano was deemed to be a family court judge for purposes of exercising jurisdiction over Count II.

As for Counts III, IV, V, and VI of the indictment, even assuming that Adams did not have physical custody of Complainant B during the times of the alleged offenses, and the family court was, therefore, without jurisdiction over those counts of the indictment, the fact remains that Judge Amano was serving as a circuit court judge when she presided over Adams's case and thereby had authority over both circuit and family court matters. *See* HRS § 571–4. Accordingly, we hold that, notwithstanding any lack of jurisdiction on the part of *the family court* over Counts III, IV, V, and VI of the indictment, *Judge Amano,* in her capacity as a circuit court judge, properly exercised jurisdiction over those counts. Consequently, although not directly alleged by Adams, any error by virtue of the fact that Counts III, IV, V, and VI of the indictment should have been brought under a separate indictment in circuit court or that the indictment, at least with respect to those counts, was misidentified as a family court criminal matter is clearly harmless. *Cf. Domingo v. State,* 76 Hawai'i 237, 873 P.2d 775 (1994) (applying the harmless error standard to hold that the circuit court's failure to expressly state findings of fact and conclusions of law in denying the defendant's Rule 40 petition was harmless error).

. . . .

Adams contends that the circuit court was without jurisdiction to entertain his Rule 40 petition inasmuch as

> his petition for post-conviction relief was not filed with the clerk of the court in which the conviction took place (Family Court of the Third Circuit). [Adams], proceeding pro se at first, erroneously filed the Petition in the Circuit Court of the Third Circuit when the Petition was to be filed in the Family Court of the Third Circuit. Therefore, the Circuit

Court was without jurisdiction to entertain [Adams]'s Rule 40 Petition.

We disagree.

As previously emphasized, in Hawai'i, the family courts are not separate and distinct courts from the circuit courts but are "*divisions* of the circuit courts of the State[.]" HRS § 571–3 (emphasis added). Indeed, HRPP Rule 40(c) (2000), which sets forth the procedure for docket entry and filing of papers under the HRPP, delineates a procedure for filings in two courts, the circuit court and the district court. Nowhere in the HRPP is there a separate procedure governing docket entry and filing of papers in criminal cases in the family court of the circuit court. Therefore, although Adams could have technically filed his petition with the clerk of the family court of the third circuit, he did not violate HRPP Rule 40(b) by filing his petition with the clerk of circuit court of the third circuit.

Regardless, we hold that Judge Nakamura properly exercised jurisdiction over Adams's Rule 40 petition, either in his capacity as a circuit court judge or as a family court judge. We take judicial notice of the fact that Judge Nakamura was appointed to the Circuit Court of the Third Circuit on April 18, 1994 and, like Judge Amano, was a circuit court judge when he presided over Adams's case. Judge Nakamura thereby had authority to preside over both circuit and family court matters. *See* HRS § 571–4. Even assuming that the family court, and not the circuit court, was required to consider and rule upon Adams's Rule 40 petition, pursuant to HRS § 571–4, Judge Nakamura would have properly been deemed to be a family court judge for purposes of exercising jurisdiction over his petition.

*Adams,* 103 Hawai'i at 222–23, 81 P.3d at 402–403 (brackets, emphases and some ellipses in the original; original footnote omitted).

In this first circuit case, we take judicial notice of the fact that Judge Town was appointed for a ten-year term to the circuit

---

12. "Complainant A" in Count II was Adams's daughter. *Adams,* 103 Hawai'i at 216, 81 P.3d at 396.

court of the first circuit on April 30, 1993, and was thus a circuit court judge when he presided over both the family court criminal proceedings and the circuit court HRPP Rule 40 proceedings. In addition, and to the extent it is necessary, *cf.* HRS § 571–3 ("The family courts shall be divisions of the circuit courts of the State and shall not be deemed to be other courts as that term is used in the State Constitution."); *Adams,* 103 Hawai'i at 222, 81 P.3d at 402 ("Indeed, in Hawai'i, the family courts are '*divisions* of the circuit courts of the State[.]' HRS § 571–3 (1993) (emphasis added). They are not separate and distinct courts from the circuit courts of the State.... Consequently, ... any error by virtue of the fact ... that the indictment ... was misidentified as a family court criminal matter is clearly harmless." (Brackets in the original; some citations omitted.)), we also take judicial notice of the fact that Judge Town was designated senior judge of the family court of the first circuit by the chief justice of the supreme court, effective October 1, 1994 until October 6, 1997, and was thus serving also as such when he presided over the two proceedings. HRS § 571–4.

Accordingly, under *Adams,* the court was right to dismiss Winterborne's HRPP Rule 40 petition without a hearing. HRPP Rule 40(f); *Stanley v. State,* 76 Hawai'i 446, 448, 879 P.2d 551, 553 (1994). Hence, we affirm the court's January 4, 2002 order of dismissal.

