**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000097
16-FEB-2024
08:11 AM
Dkt. 103 SO**

NO. CAAP-19-0000097

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF THE ESTATE OF
BYUNG TAE OH, Deceased

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(P. NO. 17-1-0230)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting C.J., and Hiraoka and Wadsworth, JJ.)

This appeal arises out of a proceeding in which Petitioner-Appellee Wonki Oh (**Petitioner**) sought and obtained the appointment of a special administrator for the estate of his deceased father (**Estate**), Byong Tae Oh (**Decedent**), over the objection of Respondents-Appellants Hie Sung Lee, Hyung Kee Oh, and Heinjoo Oh, Decedent's surviving spouse, son and daughter, respectively (collectively, **Respondents**). Respondents appeal from the Order Discharging Special Administrator and Awarding Fees and Costs (**Order**) and the Judgment on Order Discharging Special Administrator and Awarding Fees and Costs (**Judgment**), both entered on January 18, 2019, by the Circuit Court of the First Circuit sitting in probate (**Probate Court**).[1]

On appeal, Respondents contend that the Probate Court erred in: (1) ordering that the fees and expenses of the special administrator, and the attorneys' fees of Respondents and Petitioner, be paid from the Estate, where the court lacked jurisdiction over the Estate; (2) failing to order that

---

[1] The Honorable R. Mark Browning presided.

Petitioner pay the special administrator's fees and costs; and (3) ordering that Petitioner's attorneys' fees be paid from the Estate, even if the court had jurisdiction to do so.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Respondents' contentions as follows.

## I.  Background

Decedent died in the Republic of Korea in February 2012.  At the time of his death, Decedent was domiciled in the Republic of Korea.

On April 4, 2017, Petitioner filed a Petition for Appointment of Special Administrator (**Petition**) in the Probate Court.  Petitioner sought appointment of a special administrator in Hawaiʻi:

> to identify any and all accounts, real property or other tangible or intangible, real or personal property of the Decedent, including those held by any agent of the Decedent, located in Hawaii that should be or should have been reported on Decedent's United States federal estate or gift tax returns or any other estate or gift tax or similar return required to be filed in another jurisdiction, either as assets of the estate of the Decedent or as reportable lifetime gifts by the Decedent, including, without limitation receiving copies of statements for bank accounts with First Hawaiian Bank or other bank with a Hawaii office held [by] the Decedent during life or at death, and including, without limitation, obtaining information necessary to determine whether Hawaii real property held by others where funds for the purchase and/or maintenance of same came from the Decedent were held by the others as agent for the Decedent, or whether the amounts paid by the Decedent to purchase or maintain Hawaii property held by others were taxable gifts to the owners of record.

Petitioner alleged that Decedent owned property within the First Circuit at the time of his death.

Respondents filed an objection to the Petition, asserting in part that they were not aware of any assets of the Decedent that would be subject to probate in Hawaiʻi, and appearing to challenge Petitioner's allegation that Decedent owned property within the First Circuit.

On September 12, 2017, the Probate Court entered an Order Granting in Part and Continuing in Part Petition for

2

Appointment of Special Administrator. The Court appointed Estate Administrative Services, LLC, by its principal, Stephen E. Harris, to serve as special administrator, with powers "to locate or identify assets located in the State of Hawai['i]i that would be subject to the [D]ecedent's probate estate, as defined in [Hawaii Revised Statutes (**HRS**)] § 560:2-201.[2]"

On December 15, 2017, Petitioner filed an ex parte petition in the Circuit Court of the First Circuit (**Ex Parte Petition**), which initiated a separate, special proceeding to request issuance of a subpoena duces tecum upon the Custodian of Records of First Hawaiian Bank (**FHB**).[3] Petitioner was allegedly concerned that Respondents were attempting to conceal Hawaiʻi assets at FHB which, while not subject to probate in Hawaiʻi, would impact the amount of Petitioner's inheritance under Korean law, and could give rise to potential gift or estate tax obligations of Decedent.

The Ex Parte Petition was granted and the court directed issuance of a subpoena duces tecum (**Subpoena**) on FHB. Respondents filed a motion to quash the Subpoena, which was denied.

Pursuant to the Subpoena, Petitioner obtained a copy of a FHB statement for a joint account held by Decedent at the time of his death. However, the special administrator was unable to locate any assets of Decedent subject to probate in Hawaiʻi (*i.e.*, "probate assets"), which the special administrator reported to the Probate Court.

The Probate Court subsequently entered the Order and Judgment, which discharged the special administrator and ordered that the fees and costs of the special administrator, and the attorneys' fees and costs of Respondents and Petitioner, be paid from the Estate.

---

[2] HRS § 560:2-201 (2006) provides that "[i]n this part[,] *i.e.,* HRS chapter 560, art. II, part 2, "'[p]robate estate' means property that would pass by intestate succession if the decedent died without a valid will."

[3] The Honorable James H. Ashford presided over the special proceeding.

Further, on April 16, 2019, the court entered its Findings of Fact and Conclusions of Law (**FOFs/COLs**) regarding this matter.

## II. Discussion

### A.   The Probate Court's Jurisdiction

Respondents contend that the Probate Court lacked jurisdiction over the Estate, because the Decedent was not domiciled in Hawaiʻi, and the court — through the special administrator's investigation and report — determined that Decedent had no probate assets in Hawaiʻi.  According to Respondents, "[o]nce the [P]robate [C]ourt determined that there were no assets subject to probate in Hawaiʻi, . . . it should have dismissed the case."  Instead, Respondents contend, the Probate Court, without jurisdiction, erroneously ordered that the fees and expenses of the special administrator, and the attorneys' fees of Respondents and Petitioner, be paid from the Estate.

HRS chapter 560 codifies Hawaii's version of the Uniform Probate Code.  See HRS § 560:1-101 (2006).  HRS §§ 560:1-301 (2006) and 560:1-302 (2006) set forth the territorial application of chapter 560 and the subject matter jurisdiction of the probate court.  Under HRS § 560:1-302(a), the probate court has jurisdiction, "[t]o the full extent permitted by the Constitution," over "all subject matter relating to[,]" among other things, "[e]states of decedents . . . ."[4/]  Under HRS § 560:1-301(1) and (2), chapter 560 applies to, among other things, "[t]he affairs and estates of decedents . . . domiciled in this State" and "[t]he property of nonresidents located in this State or property coming into the control of a fiduciary who is subject to the laws of this State[.]"[5/]  See Estate of Von

_____

[4/]    HRS § 560:1-201 (2006) defines "[e]state" as follows:  "'Estate' includes the property of the decedent, trust, or other person whose affairs are subject to this chapter as originally constituted and as it exists from time to time during administration."

[5/]    HRS § 560:1-201 defines "[p]roperty" as follows: "'Property' includes both real and personal property or any interest therein and means anything that may be the subject of ownership."

4

Baravalle, No. CAAP-16-0000073, 2019 WL 762406, at *1 (Haw. App. Feb. 12, 2019) (SDO) (ruling in the case of a non-domiciliary decedent that "Chapter 560 provides for extra-territorial subject matter jurisdiction of the Probate Court over property coming into the control of a fiduciary").  Further, HRS § 560:3-614(2) specifically authorizes the probate court, upon petition from an interested person and after proper notice and a hearing, to appoint a special administrator where such an appointment "is necessary to preserve the estate or to secure its proper administration . . . ."[6]

Here, there is no dispute that Decedent was not domiciled in Hawaiʻi.  The issue in the first instance is whether the Probate Court had subject matter jurisdiction over "the property of [Decedent] located in [Hawaiʻi]" as the basis for appointment of the special administrator.  Respondents argue that as to nonresident decedents, the probate court has jurisdiction over only those assets that the decedent possessed in Hawaiʻi and that are subject to probate in Hawaiʻi, not other assets such as jointly held bank accounts that are not subject to probate. Under Respondents' theory, because the FHB joint account was not part of the Estate, it could not serve as a basis for the Probate Court's jurisdiction, and the court lacked jurisdiction to do anything further than dismiss the case.[7]

The plain language of HRS §§ 560:1-301 and 560:1-302 does not support Respondents' theory.  The Probate Court's subject matter jurisdiction extends to "[t]he property of

------

[6]    Accordingly, Hawaiʻi Probate Rules (**HPR**) Rule 56 provides that "[a]n interested person may seek appointment of a special administrator where necessary to preserve the estate or to secure its proper administration, including . . . where: (a) the existence of assets to be probated is uncertain, and an administrator is required to locate or identify assets, including investigating the merits of pursuing a lawsuit or claim for relief[.]" (Formatting altered.)  The commentary to HPR Rule 56 further states that "the most common situations giving rise to the appointment of a special administrator" include "the appointment of a special administrator to track down assets, since many times financial institutions are reluctant to release information about a deceased's assets except to a court-appointed official."

[7]    Somewhat paradoxically, Respondents also argue that "the probate court's initial order appointing the special administrator was proper, because it looked to investigate whether there were assets subject to probate[,]" and "because '[a] court always has jurisdiction to determine whether it has subject matter jurisdiction[.]'  State v. Alagao, 77 Hawaiʻi 260, 262, 883 P.2d 682, 684 (App. 1994)."

[Decedent] located in this State . . . [.] HRS §§ 560:1-301(2). The language of HRS § 560:1-301 and the definition of "property" under HRS § 560:1-201 do not limit the court's jurisdiction to only those assets of Decedent that are subject to probate in Hawaiʻi. See also HPR Rule 56(a) and (b) (providing for appointment of a special administrator where (a) "the existence of assets to be probated is uncertain" and (b) "no probate assets exist"). Accordingly, the Probate Court had subject matter jurisdiction to appoint the special administrator "to locate or identify assets located in the State of Hawai[ʻ]i that would be subject to the [D]ecedent's probate estate, as defined in HRS § 560:2-201."[8/]

With jurisdiction to appoint the special administrator, the Probate Court also had subject matter jurisdiction to award, in appropriate circumstances: (1) the special administrator's fees and costs from the Estate; see HRS § 560:3-719 (2006) (providing that "[a] personal representative is entitled to reasonable compensation for the personal representative's services"); HRS § 560:1-201 (defining "personal representative" to include a "special administrator"); HPR Rule 59 ("Unless otherwise agreed between the special administrator and heirs or beneficiaries of an estate, the court shall set the compensation of a special administrator in the manner set forth under HRS § 560:3-719."); see also HRS § 560:3-720 (2006) ("If any personal representative . . . defends or prosecutes any proceeding in good faith, whether successful or not that person is entitled to receive from the estate that person's necessary expenses and disbursements including reasonable attorneys' fees incurred."[9/]); and (2) the parties' fees and costs from the Estate; see In re Estate of Campbell, 46 Haw. 475, 522-23, 382 P.2d 920, 953-54

---

[8/] Respondents' reliance on In re Estate of Marcos, 88 Hawaiʻi 148, 963 P.2d 1124 (1998), is misplaced. There, the supreme court ruled that "because the Marcos Estate owned no assets in Hawaiʻi, there was no basis for opening a probate proceeding in Hawaiʻi and no grounds for appointing a special representative." Id. at 157, 963 P.2d at 1133. Here, the special administrator was appointed to determine whether Decedent had assets in Hawaiʻi that were subject to probate, not in connection with opening probate.

[9/] HRS § 560:3-720 has been amended, effective June 29, 2023.

(1963).[10]  Whether such fees and costs were properly charged to the Estate in the circumstances of this case is discussed below.

**B.    Award of the Special Administrator's Fees and Costs**

Respondents contend that the Probate Court erred in failing to order that Petitioner pay the special administrator's fees and costs.  Respondents predicate this argument on their contention that the Probate Court lacked jurisdiction to bind the Estate after the special administrator concluded there were no assets subject to probate in Hawaiʻi.  Because we have rejected Respondents' jurisdictional argument (see supra), we likewise conclude that Respondents' second contention is without merit.[11]

**C.    Award of Petitioner's Attorneys' Fees**

Respondents contend that the Probate Court erred in ordering that Petitioner's attorneys' fees be paid from the Estate, even if the court had jurisdiction to do so.  Respondents argue that "[t]here is no authority to shift attorneys' fees in the special proceeding before Judge Ashford [for issuance of the Subpoena], and that proceeding — not the probate court proceeding — is the source of Petitioner's claim that he benefitted the Estate."  Respondents also argue that the FOFs/COLs do not articulate how the Petitioner's actions benefitted the Estate.

We conclude that the Probate Court's FOFs/COLs, read in their entirety, provided sufficient support for the award of attorneys' fees and costs to both Petitioners and Respondents.

### III.  Conclusion

For the reasons discussed above, we affirm the Order Discharging Special Administrator and Awarding Fees and Costs and

---

[10]/    We further conclude that FOFs 9-15 and 19 are not clearly erroneous and COLs 1-11 and 13 are not wrong.

[11]/    We also note that in FOF 13, the court found that "[a]ppointment of a special administrator would benefit Petitioner, Respondents, and Decedent's Estate by helping to determine the nature and extent of Decedent's assets located in Hawaii at the time of Decedent's death and the extent of Decedent's U.S. tax liabilities." (Emphasis added.)  Respondents challenge FOF 13 to the extent that it "makes an erroneous decision regarding the probate court's jurisdiction."  As stated above, we conclude that FOF 13 is not clearly erroneous.

the Judgment on Order Discharging Special Administrator and Awarding Fees and Costs, both entered on January 18, 2019, by the Circuit Court of the First Circuit sitting in probate.  Because this court has properly exercised jurisdiction over this appeal, Respondents' pending motion to confirm jurisdiction, filed on May 2, 2019, is dismissed as moot.

DATED:  Honolulu, Hawai'i, February 16, 2024.


On the briefs:

Edmund K. Saffery,
Rosemarie S.J. Sam, and
Deirdre Marie-Iha
(Goodsill Anderson Quinn &
Stifel, A Limited Liability
Law Partnership LLP)
for Respondents-Appellants.

Douglas C. Smith and
Ross Uehara-Tilton
(Damon Key Leong Kupchak
Hastert)
for Petitioner-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge