**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000556
15-NOV-2024
08:50 AM
Dkt. 65 SO**

NO. CAAP-21-0000556

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ALIKA K. AMASIU, Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(CASE NO. 2FFC-17-0000458)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant Alika K. **Amasiu**, appeals from the Family Court of the Second Circuit's[1] August 19, 2021 "Findings of Fact, Conclusions of Law, and Order" denying his "Motion to Dismiss for Violation of Statute of Limitations" (**Order Denying Motion to Dismiss**).

---

[1] The Honorable Richard T. Bissen, Jr. presided.

On appeal, Amasiu challenges the family court's determination that the statute of limitations did not require dismissal of the **Second Felony Information**.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and affirm.

For a brief background, Amasiu's four-month-old **Son** suffered multiple injuries - "a left frontal skull fracture, a bi-lateral occipital skull fracture, a subdural hematoma, and a posterior right rib fracture."  According to Maui Police Department Detective Mary-Lee Sagawinit, a doctor who treated Son at Maui Memorial Medical Center stated that Son was reported to have fallen off the bed after Amasiu saw a centipede on Son's head and hit the centipede.  Due to the severity of his injuries, Son was transported to Oʻahu.

On November 28, 2014, Rupert Chang, M.D. (**Dr. Chang**) of Kapiʻolani Medical Center noted Son suffered "skull and rib fractures," "an altered level of consciousness," and "brain swelling with an elevation of pressures in his head."  Dr. Chang also noted that Son "required support on a breathing machine,"

---

[2]  Amasiu also challenges findings of fact numbers 1, 2, and 4, and conclusions of law numbers 4-10.  However, the challenged findings were not clearly erroneous and the challenged conclusions were not wrong.

and "was at risk of life-long mental impairment from his brain injury."

On November 22, 2017, the State charged Amasiu by information (**First Felony Information**) for Assault in the First Degree in the Circuit Court of the Second Circuit. The First Felony Information was filed approximately five days before the three-year statute of limitations for the prosecution of a class B felony (which includes First Degree Assault) would have run. See generally Hawaiʻi Revised Statutes (**HRS**) §§ 701-108(2)(d)(2014); 707-710(2) (2014).

That same day, the circuit court, the Honorable Blaine J. Kobayashi presiding, determined there was "sufficient evidence to support a finding of probable cause for the Information and Complaint[.]"[3] The circuit court issued a warrant of arrest for Amasiu with bail set at $50,000.00.

About a month later, on December 21, 2017, the State filed the **Second Felony Information** in family court charging Amasiu with the same offense as the First Felony Information. The family court found probable cause to support the Second Felony Information and issued a warrant of arrest with bail set at $50,000.00.[4]

---

[3] The Honorable Blaine J. Kobayashi (District Court Judge) presided.

[4] The Honorable Adrianne N. Heely (District Court Judge) presided.

On December 26, 2017, the State filed an "Ex-Parte Motion to Recall Bench Warrant and Motion to Dismiss Without Prejudice" as to the First Felony Information in circuit court, which was granted.[5]

Amasiu moved to dismiss his case as the Second Felony Information was "filed outside the statute of limitations provided for in [Hawai'i] Revised Statute Section 701-108."  The family court denied the motion to dismiss, and permitted an interlocutory appeal.

**(1)**  In his first point of error on appeal, Amasiu contends the family court erred in denying his motion to dismiss because the First Felony information "was dismissed prior to being served."  Amasiu relies on HRS § 701-108(5) (2014), and argues "[a]ssuming an Information is within the definition of 'other process' within the meaning of [HRS §] 701-108(5), and thus can commence a prosecution, then for an Information to commence a prosecution it must be served without unreasonable delay."  Amasiu concludes that because the First Felony Information was never served, it did not commence the prosecution and did not toll the statute of limitations.

Amasiu was charged with Assault in the First Degree, which is a class B felony.  HRS § 707-710 (2014).  A prosecution

---

[5]  The Honorable Joseph E. Cardoza (Circuit Court Judge) presided.

for a class B felony "must be commenced within three years after it is committed[.]" HRS § 701-108(2)(d). This "period of limitation does not run . . . [d]uring any time when a prosecution against the accused for the same conduct is pending in this State[.]" HRS § 701-108(6)(b) (2014). "A prosecution is commenced either when an indictment is found or a complaint filed, or when an arrest warrant or other process is issued, provided that such warrant or process is executed without unreasonable delay." HRS § 701-108(5) (2014).

Relatedly, HRS § 806-9 (2014) instructs that laws applying to indictments apply to an information charging:

> <u>All provisions of law applying to prosecutions upon indictments</u>, to writs and process therein, and the issuing and service thereof, to motions, pleadings, trials, and punishments, or the passing or execution of any sentence, and to all proceedings in cases of indictment, whether in the court of original or appellate jurisdiction, shall in the same manner and to the same extent as near as may be, <u>apply to information and all prosecutions and proceedings thereon</u>.

(Emphases added); <u>State v. Sulenta</u>, 151 Hawaiʻi 372, 514 P.3d 339, No. CAAP-21-0000555, 2022 WL 2967240 at *5 (App. July 27, 2022) (SDO) (explaining that "[l]egal precedent and authorities pertaining to complaints and indictments similarly apply to a felony information"). Because laws applying to indictments apply to information, a charge by information is not treated as an "other process" as Amasiu contends.

In prosecuting a felony by information, the written information must be "signed by a legal prosecuting officer and filed in the court having jurisdiction thereof . . . ." HRS § 806-82 (2014). Furthermore, "[t]he information shall be filed in the circuit court[.]" HRS § 806-84(g) (2014); see Hawaiʻi Rules of Penal Procedure Rule 7(h)(1) ("An indictment or information shall be filed in the circuit court."). And the "family courts shall be divisions of the circuit courts of the State." HRS § 571-3 (2018).

Therefore, when reading HRS § 701-108(5) (prosecution commences when indictment found) in *pari materia* with HRS §§ 806-9 (laws regarding indictment apply to information), 806-82 (informations are filed in court), 806-84(g) (informations shall be filed in circuit court), and 571-3 (family courts are divisions of circuit courts), we construe a prosecution by information as commencing when the information is filed with the circuit (or family) court.

**(2)** In his second point of error, Amasiu contends the First Felony Information did not toll the statute of limitations because (a) the circuit court lacked jurisdiction, and (b) the district court judge was not authorized to preside over the matter.

**(a) Jurisdiction.** Amasiu argues the First Felony Information did not toll the statute of limitations pursuant to HRS § 701-108(6)(b) because it was "filed in a court that lacked jurisdiction" over the case. Relying on HRS §§ 571-14(a)(1) (2018) and 806-82, Amasiu maintains the family court had exclusive jurisdiction, and the circuit court was without jurisdiction.

HRS § 571-14(a)(1) governs family courts and provides in relevant part that "[e]xcept as provided in sections 603-21.5 . . . , the court shall have exclusive original jurisdiction . . . [t]o try any offense committed against a child by the child's parent . . . ."[6] As mentioned above, HRS § 806-82 requires the written information be "signed by a legal prosecuting officer and filed in the court having jurisdiction thereof . . . ."

But the family courts "are not separate and distinct courts from the circuit courts of the State." Winterborne v. State, 104 Hawaiʻi 311, 314, 88 P.3d 683, 686 (App. 2004). Instead, the family courts are divisions of the circuit courts. HRS § 571-3 (providing that "family courts shall be divisions of the circuit courts of the State").

---

[6] HRS § 603-21.5(b) governs when the circuit court has concurrent jurisdiction with the family court.

Here, the First Felony Information was filed in the circuit court. About a month later, the Second Felony Information was filed in family court and the First Felony Information was dismissed. Because the family courts are divisions of the circuit court, any potential jurisdictional defect in filing the First Felony Information in circuit court for purposes of tolling the statute of limitations was immaterial. See State v. Pedro, 149 Hawaiʻi 256, 263 n.2, 488 P.3d 1235, 1242 n.2 (2021) (explaining "[a]ny potential jurisdictional defect [was] immaterial" because the circuit court "had jurisdiction under HRS § 603-21.5, and family courts are divisions of the circuit courts of the State") (citation and internal quotation marks omitted).

**(b) District Court Judge**. Amasiu next argues that to toll the statute of limitations, a circuit court judge, not a district court judge, was required to determine probable cause of the First Felony Information.

HRS § 806-85(a) (2014) provides that "[w]hen an information is filed, the court having jurisdiction shall review the information and its exhibit to determine whether there is probable cause to believe that the offense charged was committed and that the defendant committed the offense charged." (Emphasis added.) HRS § 806-85(d) (2014) defines "court having

jurisdiction" and "court" as the circuit court, "provided that the chief justice may by order authorize district court judges to make probable cause determinations, set bail, and direct the issuance of arrest warrants[.]"

On February 15, 2005, Chief Justice Ronald T.Y. Moon (Ret.) ordered, in the matter of information charging, "that the District Judges of the First, Second, Third, and Fifth Circuits of the State of Hawaiʻi are hereby authorized to make probable cause determinations, set bail, and direct the issuance of arrest warrants[.]"[7]  Also relevant is Chief Justice Moon's October 29, 1996 order assigning district court judges "to temporarily preside in the circuit courts of their respective circuits, on an as needed basis."[8]  (Emphasis omitted.)

Here, the order finding probable cause was captioned as "IN THE CIRCUIT COURT OF THE SECOND CIRCUIT" and signed by

---

[7]  Moon, C.J., Order Authorizing Action by District Judges, Supreme Court of the State of Hawaiʻi (Feb. 15, 2005) (Order), https://www.courts.state.hi.us/docs/sct_various_orders/order21.pdf [https://perma.cc/EHT9-PSBN].

The February 15, 2005 order refers to Act 62, section 1 "of the 2004 Hawaiʻi Session Laws, and the provisions of [HRS] § 806-E(d)."  The referenced HRS § 806-E(d) is identical to HRS § 806-85(d), which defines "court having jurisdiction" and "court" as the circuit court, "provided that the chief justice may by order authorize district court judges to make probable cause determinations, set bail, and direct the issuance of arrest warrants, as provided by this section."

[8]  Moon, C.J., Assignment of District and District Family Court Judges, Supreme Court of the State of Hawaiʻi (Oct. 29, 1996) (Order), https://www.courts.state.hi.us/docs/sct_various_orders/order19a.pdf [https://perma.cc/P4HQ-MJRS].

Judge Kobayashi as "Judge of the above-captioned Court" on November 22, 2017.  We take judicial notice that Judge Kobayashi was sworn in as a judge of the District Court of the Second Circuit on October 12, 2010.  Hawaiʻi Rules of Evidence Rule 201.

Although Judge Kobayashi was a district court judge, the chief justice may authorize district court judges to make probable cause determinations where the charge is by information pursuant to HRS § 806-85(d).  And Chief Justice Moon did so in the February 15, 2005 order.  Thus, that the probable cause determination was made by a district court judge does not support Amasiu's contention that the statute of limitation did not toll.

Based on the foregoing, we affirm the family court's August 19, 2021 Order Denying Motion to Dismiss.

DATED:  Honolulu, Hawaiʻi, November 15, 2024.

| On the briefs: | /s/ Katherine G. Leonard<br>Acting Chief Judge |
|---|---|
| Matthew Nardi,<br>for Defendant-Appellant. | /s/ Karen T. Nakasone<br>Associate Judge |
| Joanne S.C. Hicks,<br>Deputy Prosecuting Attorney,<br>County of Maui,<br>for Plaintiff-Appellee. | /s/ Sonja M.P. McCullen<br>Associate Judge |